CIACCIO, Judge.
The State of Louisiana seeks review of a decision of the trial court granting defendants’ motion to suppress the evidence based on the provisions of La.R.S. 15:1310(B)(1), the Electronic Surveillance Act. The issue presented for our review is whether the State was required to present its confidential informant to the trial court in order to obtain an electronic surveillance warrant under this statute. For the reasons stated, we reverse the judgment of the trial court.
The evidence adduced at the motion to suppress hearing reveals the following:
On March 3, 1993, at approximately 7:00 a.m., narcotics officers of the NOPD were doing routine inspection with narcotics dogs at the Federal Express facility on Washington Avenue. The dogs indicated that a package addressed to 1315 Madrid Street may contain drugs. After obtaining a search warrant for the package, the officers opened it and discovered one pound of marijuana. The officers then conducted a controlled delivery of the package which resulted in the arrest of defendants Sean Ward and Shaun Lang for possession with the intent to distribute marijuana. Defendants were subsequently released on bond.
The following week, under similar circumstances through the use of narcotics dogs, narcotics officers discovered two pounds .of marijuana in a package addressed to 12345 N. I — 10 Service Road in New Orleans. The officers arranged another controlled delivery, but the occupants of the apartment refused the package when the mailman asked for identification.
During this attempted delivery, Detective Reginald Jacque was conducting surveillance of the residence. After the package was refused, the detective overheard the residents of the apartment state that they would have accepted the package, but the mailman asked for identification which made them cautious. Also, the detective noticed a white pickup track at this address which he had seen at the prior delivery at 1315 Madrid Street. Detective Jacque subsequently saw a photograph of a man he had seen at the *435 service road address; this person was Sean Ward.
In the latter part of April, 1993, Sgt. Bruce Harrison was contacted by a resident of the 1300 block of Madrid who wished to remain anonymous but told Sgt. Harrison that he knew of the prior arrest of defendants Ward and Lang. The informant also stated he often saw Ward and Lang using a cordless phone outside the house, and stated he was able to pick up many of these conversations with a scanner. The informant stated he had heard what he believed was Ward and Lang planning a cocaine purchase.
After consulting with the district attorney’s office regarding interception of cordless telephone conversations, the police officers began monitoring the conversations of Ward and Lang which indicated they intended to purchase a quantity of cocaine in Houston, Texas.
The officers were not able to intercept all conversations, and they subsequently applied for an order for an interception of wire communication of (504) 288-9626, the telephone number for 1315 Madrid Street. This order was granted on June 2, 1993.
Pursuant to this order, the officers established continuous monitoring of the phone calls made to and from the Madrid Street address. Through the interceptions, the officers discovered that defendant Amanda Neis-ler had travelled to Houston to buy cocaine, but purchased marijuana instead and returned to New Orleans with defendant Yvonne Ray.
On June 12, 1993, the officers obtained search warrants for 1315 Madrid Street and 3336 Bell Street, the latter address being the address of the accomplices to the drug purchase, as discovered through the wire tap.
Execution of the search warrants resulted in the arrest of Yvonne Ray, Robert C. Lauer, Jr., and Amanda Neisler at 3336 Bell Street. Officers also recovered from this address, among other things, 11 clear plastic bags each containing marijuana, 20 marijuana cigarettes and a scale.
From the search warrant executed at 1315 Madrid Street, the officers arrested Shaun Lang and Sean Ward. The officers also recovered 7 clear plastic bags containing marijuana and other items from the Madrid Street address.
Defendants were charged by grand jury indictment with the intent to distribute marijuana, and conspiracy to possess 200 to 400 grams of cocaine. Defendants subsequently moved to suppress the evidence against them on the grounds that the search warrants were tainted because the wire tap order which led up to the warrants was improperly issued.
At the motion hearing held on October 15, 1993, the trial court concluded that the order authorizing the wire tap was defective because the State did not produce the anonymous source to the judge when applying for the wire tap. The judge based his ruling on La.R.S. 15:1310(B)(1), which states:
If statements of an identified or unidentified informant are relied upon in the application as a basis for establishing that there are reasonable grounds to believe that an offense has been, is being, or is about to be committed, the application shall set forth the factual basis for the affiant’s belief that the informant is credible and that the information has been obtained in a reliable manner. The informant shall be presented to the judge and be sworn to afford the judge opportunity to inquire if the statements made in the application are true. The application shall so state that the informant was presented to the judge and sworn for such purpose. This provision shall not affect the privileged character of the identity of an informant. Nothing therein shall be construed to require the identification of a confidential informant. (Emphasis ours.)
The trial court invalidated the wire tap warrant in this ease because the confidential informant was not produced to the issuing judge prior to the issuance of the warrant. In reaching this conclusion, the trial court determined that the provisions of La.R.S. 15:1310(B)(1) contain mandatory language that the confidential informant shall be presented to the judge when the information provided by the informant is relied upon as *436 a basis for establishing reasonable grounds for the issuance of the search warrant.
In the present ease, the police officers submitted a 16 page application for the electronic surveillance warrant, including 6 pages of facts and circumstances surrounding the need for the warrant. The application cites the facts regarding the initiation of the investigation of defendants, Shaun Lang and Sean Ward. The application indicates that the narcotics officers had started an investigation of these defendants at least one month prior to receiving the information from the informant. This investigation led to the arrest of defendants Ward and Lang on a narcotics charge.
The warrant application further states that the informant confirmed the officers’ findings regarding these defendants by stating that he had heard the two men discussing a drug purchase on the cordless telephone. At this point, the officers began to independently monitor the cordless telephone conversations of Ward and Lang wherein the purchase and sale of narcotics were discussed.
Although defendants argue that the conversations on the cordless telephone were “oral communications” which were entitled to the expectation of privacy, the trial court concluded that defendants did not have a reasonable expectation of privacy from any conversation on a cordless phone, and those conversations were lawfully intercepted. We agree with this conclusion.
The 1991 amendment to the Electronic Surveillance Act, LSA-R.S. 15:1302, exempts from the definition of ‘wire communication’ in paragraph 18, “a cordless telephone handset communication that is transmitted between the cordless telephone and the base unit.” By this amendment, the legislature clearly intended to exempt from the statutory prohibition any interception of cordless telephone conversations, and although the amendment did not affect the definition of “oral communication,” this does not change the exemption as all wire communications, by their very nature, must be “oral.”
In the application for the wire tap warrant, the officers stated that the warrant was necessary based on “information derived from the intercepted telephone conversations, the information supplied by the confidential sources, the prior arrests of the targets and the facts and circumstances revealed during this investigation.” The officers stated in the application that they relied on several sources in requesting the warrant, only one of which was the confidential informant.
The trial court concluded that since the information provided by the confidential source was relied on as “a basis” for the issuance of the wire tap warrant, the State was required by statute to present the source to the issuing judge. We do not agree.
The application for the wire tap warrant in this case included several bases as grounds for issuance of the warrant. The officers conducted an independent investigation of defendants which resulted in their arrest on drug charges prior to receiving information from the informant. Further, although the informant gave information regarding the use of the cordless telephone, the officers conducted independent surveillance of the telephone conversations which supported their belief that defendants were engaged in drug trafficking. All of the information supplied by the informant was independently corroborated by the officers. The information provided by the informant did not carry the officers’ burden, but merely confirmed the officers’ previous investigation and provided a continuing link in the ongoing investigation.
Louisiana courts have held that where there is an inaccuracy in an application for a search warrant, that portion may be excised, and if the application still shows probable cause for the issuance of the warrant, the warrant is upheld. State v. Rey, 351 So.2d 489 (La.1977). We find that the application for the wire tap warrant contained ample information to show probable cause for the issuance of the warrant even if all of the information furnished by the confidential informant was excised from the application.
Further, we interpret LSA-R.S. 15:1310(B)(1) to require the production of the confidential informant to the issuing judge if the application for the issuance of the war *437 rant would be defective in the absence of the information furnished by the confidential informant. The more restrictive interpretation adopted by the trial judge frustrates the intent of the statute and makes the use of information supplied by a confidential informant a procedural trap rather than an enforcement aid.
In the present case, the information supplied by the informant was not an essential ingredient for a showing of probable cause for the issuance of the warrant, and we conclude that the failure of the officers to present the informant to the issuing judge did not render the warrant defective.
Accordingly, we hold that the trial court erred in determining that the wire tap warrant was improvidently issued, and the decision of the trial court granting defendants’ motion to suppress the evidence is reversed. This ease is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

WARD, J., dissents with reasons.