666 So.2d 1064 (1996)
STATE of Louisiana
v.
Amanda NEISLER, et al.
Nos. 94-KK-1384, 94-KK-1540.
Supreme Court of Louisiana.
January 16, 1996.
Dissenting Opinion January 18, 1996.
Morris Hyman, New Orleans, for Applicant (94-KK-1384).
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Ralph E. Brandt, Jr., Raymond R. Egan, III, Donald Otis Pinkston, Jack E. Hoffstadt, William H. Slaughter, III, New Orleans, for Respondent (94-KK-1384).
*1065 Jack Earl Hoffstadt, New Orleans, for Applicant (94-KK-1540).
Richard P. Ieyoub, Attorney General, Hon. Harry F. Connick, District Attorney, Ralph E. Brandt, Jr., Raymond R. Egan, III, Donald Otis Pinkston, Morris Hyman, William H. Slaughter, III, New Orleans, for Respondent (94-KK-1540).
Dissenting Opinion by Justice Calogero January 18, 1996.

ON REHEARING
LEMMON, Justice.[*]
We granted rehearing to reconsider our earlier decision that in every case when a police officer, in applying for a wiretap order, submits an affidavit containing any information supplied by an informant without presenting the informant to the issuing magistrate and then uses wiretap information to obtain a search warrant, La.Rev.Stat. 15:1310B(1) requires the suppression of any evidence seized pursuant to the warrant. After reconsideration, we now hold that suppression of evidence is not required when the confidential informant's information, although contained in the affidavit seeking the wiretap order, was not essential to the affidavit's establishment of probable cause to issue the order. At issue is the interpretation of La.Rev.Stat. 15:1301-1312, the Electronic Surveillance Act, and more particularly Section 1310B(1) of the Act.

I
This case primarily involves the suppression of drugs seized in a June 1993 search of 1315 Madrid Street in New Orleans. The suppression issue turns on the validity of a wiretap order, by means of which the police obtained information that led to the issuance of the search warrant authorizing the June 1993 search.
The first contact by the police with defendants Shaun Lang and Sean Ward, the relators in this court, was when officers arrested Lang and Ward at 1315 Madrid Street on March 3, 1993 for possession with intent to distribute marijuana. A drug-sniffing dog had alerted the police to the contents of a Federal Express package, and the arrest occurred after Federal Express made a controlled delivery of the package to the Madrid Street residence.[1]
One week after the March 1993 arrest of Lang and Ward at 1315 Madrid Street, other officers attempted a controlled delivery of a package known to contain marijuana to an apartment in New Orleans, but the occupants refused delivery after the mail courier asked for identification. During the attempted delivery, one of the officers saw Ward leave the apartment and drive away in a truck that had been seen at 1315 Madrid Street.
In late April 1993, a resident of the 1300 block of Madrid Street told Narcotics Officer Bruce Harrison that he had seen Lang and Ward using cordless telephones in the yard of 1315 Madrid Street and had recently overheard on a scanner certain cordless telephone conversations by Lang and Ward in which the parties used words consistent with drug trafficking.[2] The informant further stated that there had been an unusually large amount of visitors to 1315 Madrid Street for several months. The informant, who knew of Lang's and Ward's marijuana arrest and wished to remain anonymous, allowed the officer to listen over his scanner to a conversation that planned a cocaine purchase.
The police then set up a surveillance operation that included their own monitoring of defendants' cordless telephone conversations with a scanner. During this monitoring, police heard conversations suggesting narcotics purchases, particularly one on May 17, 1993 between Lang and an apparent distributor that discussed the price and type of cocaine, with a reference to a source in Houston and a method of transporting drugs by use of a false gas tank.
*1066 The officers then applied for the order at issue in these proceedings. They sought an order authorizing a wire intercept of all telephone (and not just cordless telephone) conversations in order to identify Lang's and Ward's customers and accomplices, as well as the source in Houston. The sixteen-page application and affidavit, which stated all of the information recited above, further noted that officers had followed Lang's car after monitored conversations indicated a delivery, but that Lang had checked his mirrors and used erratic driving techniques which caused them to abandon the car surveillance because of the chance that the entire investigation would be discovered. Although the application affidavit recited the information received from the confidential informant, the officers did not present the informant in person to the judge.
The judge issued an order authorizing interception of wire communications over the target telephone number for a period of thirty days. Through the interceptions, the officers heard that Amanda Neisler had purchased marijuana in Houston and had transported the drugs to New Orleans with Yvonne Ray.
Using this and other information received from the intercepted communications, the police officers obtained a search warrant for 1315 Madrid Street and for 3336 Bell Street, the residence of accomplices discovered through the wiretap. The search yielded controlled dangerous substances and resulted in the arrest of Lang, Ward, Neisler, Ray and Robert Lauer. All defendants were subsequently indicted on various drug possession and conspiracy charges.
Defendants moved to suppress the evidence obtained in the search based on the warrant that contained wiretap information. Defendants attacked the issuance of the wiretap order, focusing on (1) the interception of cordless telephone conversations as an unlawful interception of statutorily protected oral communications and (2) the failure to present the anonymous informant to the judge in violation of La.Rev.Stat. 15:1310B(1), which provides:
B. (1) If statements of an identified or unidentified informant are relied upon in the application as a basis for establishing that there are reasonable grounds to believe that an offense has been, is being, or is about to be committed, the application shall set forth the factual basis for the affiant's belief that the informant is credible and that the information has been obtained in a reliable manner. The informant shall be presented to the judge and be sworn to afford the judge opportunity to inquire if the statements made in the application are true. The application shall so state that the informant was presented to the judge and sworn for such purpose. This provision shall not affect the privileged character of the identity of an informant. Nothing herein shall be construed to require the identification of a confidential informant. (emphasis added).
The district court granted the motion and suppressed the evidence because of the officers' failure to present the informant to the judge when they applied for the wiretap order.
The court of appeal granted supervisory writs and reversed the suppression order. 635 So.2d 433. The court noted that police officers had investigated Lang and Ward at 1315 Madrid Street long before the informant contacted Officer Harrison about Lang's and Ward's drug activity at that address, and that the police surveillance after the informant's contact provided a separate and independent basis for the wiretap order. The court analogized the situation to State v. Rey, 351 So.2d 489 (La.1977), in which this court upheld a search warrant, despite inaccurate information in the affidavit, because the remainder of the affidavit after excision of the unintentional misrepresentations still established probable cause. Concluding in the present case that the affidavit contained sufficient information to support issuance of the wiretap order even if all of the information supplied by the informant was excised from the affidavit, the court of appeal held that the intent of La.Rev.Stat. 15:1310B(1) was to require presentation of the informant to the judge only if the application affidavit would be insufficient to issue a wiretap order without the informant's information. The court observed that "[t]he more restrictive *1067 interpretation adopted by the trial judge frustrates the intent of the statute and makes the use of information supplied by a confidential informant a procedural trap rather than an enforcement aid." State v. Neisler, 635 So.2d at 437.
Defendants Ward and Lang sought review by this court, and we granted certiorari. 644 So.2d 625.
On original hearing, this court first declared that the interception by the police and the confidential informant of the radio portion of the cordless telephone communications transmitted between the handset and the base unit was not unlawful, because (1) cordless telephone conversations are not protected under the Act and (2) defendants had no reasonable expectation of privacy in their cordless telephone communications. While the majority's decision to reverse the judgment of the court of appeal based on the officers' failure to present the informant arguably rendered the discussion of cordless telephone conversations dicta, we now unanimously adopt that portion of our original opinion.[3]
The divisive issue on original hearing was the effect of the officers' failure to present the confidential informant to the judge. A majority of this court agreed with the trial judge who, relying on the mandatory term "shall" in La.Rev.Stat. 15:1310B(1), concluded that suppression was required whenever statements of an informant are relied on as "a basis" for establishing the grounds for issuance of a wiretap order, and not just when such statements were "the basis" for establishing such grounds. The majority on original hearing, as well as the trial judge, emphasized the legislative decision to treat wiretap orders more restrictively than regular search warrants by requiring production of informants for personal questioning by the issuing magistrate, an extra safeguard not required for issuance of a regular search warrant. Holding that the wiretap order was invalid, the majority on original hearing ordered the suppression of the evidence seized pursuant to the search warrant that depended on the invalid wiretap order.

II
La.Rev.Stat. 15:1310H(1) provides that a person may move to suppress any intercepted wire communication, or evidence derived therefrom, on the ground that the communication was unlawfully intercepted. The critical issue in this case, therefore, is whether the court must suppress the evidence derived from intercepted wire communications because the police officers failed to present the informant to the judge when obtaining the wiretap order, as required by La.Rev.Stat. 15:1310B(1). In resolving this issue, we must determine the legislative intent of the requirement in Section 1310B(1) that the informant must be presented to the judge who issues the wiretap order.
While the majority of this court on original hearing focused on the legislative language "a basis" in Section 1310B(1), we now conclude that this relatively innocuous phrase is not conclusively determinative of a legislative intent that suppression of evidence derived from intercepted telephone communications is absolutely required in every case of failure to present the informant. Rather, we look to the overall purpose of Section 1310B(1) and of evidentiary exclusionary rules in general to determine whether suppression of evidence is required in those cases in which other information solidly established probable cause to issue the wiretap order and the statements by the informant were clearly superfluous in the establishment of probable cause.
Generally, a police officer, in order to obtain a regular search warrant, need only provide the issuing magistrate with an affidavit that asserts information which, under the totality of the circumstances, shows that the informant and the information are reliable. Illinois v. Gates, 454 U.S. 1140, 102 S.Ct. 997, 71 L.Ed.2d 291 (1982). However, because of the extraordinary nature of the warrant at issue in this case which permits an *1068 intrusion into wire communications, the Louisiana Legislature apparently decided to require an additional safeguard in order to assure the reliability of significant information from a confidential informant. Section 1310B(1) requires the informant to appear personally before the issuing magistrate, thereby "afford[ing] the judge opportunity to inquire if the statements made in the application are true." The evident purpose of that requirementto provide the opportunity for a judicial determination of the credibility of the informantis clearly significant only in those cases in which the informant's credibility is critical to the issuance of the wiretap order.
The pertinent requirement of Section 1310B(1) was clearly violated in the present case when the police officers sought a wiretap order without presenting to the issuing magistrate the informant mentioned in the affidavit. But even when there is a clear violation of the statutory requirements of Section 1310B(1), the necessity for suppressing evidence under the exclusionary rule of Section 1307 is an entirely separate question.[4] The crucial issue becomes whether evidence must be suppressed under Section 1307 in every case of a failure to follow every statutory requirement of Section 1310B(1) in obtaining a wiretap order.
This court has previously recognized that a search warrant may be valid, even when inaccurate information was contained in the affidavit used to obtain the warrant, when the exclusion of evidence seized pursuant to the warrant would not serve to deter deliberate and fraudulent police misconduct. In State v. Rey, 351 So.2d 489 (La.1977), this court distinguished between intentional and unintentional misrepresentations in an affidavit submitted in support of a search warrant, concluding that a misrepresentation intentionally made to obtain a warrant constitutes a fraud upon the court and requires quashing the warrant. The court reasoned that because "[t]he primary purpose of the exclusionary rule is the deterrence of such deliberate governmental wrongdoing, ... this policy is best served by quashing the warrant." Id. at 492. However, because the inaccurate statements were unintentional and were not made for the purpose of deceiving the magistrate, there was no fraudulent police misconduct to deter in the future, and this court held that the warrant need not be quashed as long as the affidavit established probable cause without reference to the incorrect statements.
The approach in Rey represents a reasonable and just accommodation between an accused's interest in limiting invasions of his or her privacy to those based upon a magistrate's determination of probable cause and society's interest in using reliable evidence to convict those who violate criminal laws. State v. Lehnen, 403 So.2d 683, 686 (La. 1981). "The exclusion of reliable evidence is too high a price to pay unless exclusion is essential to deter deliberate violations of constitutional rights." Id.
Contrary to the majority on original hearing, we perceive no reason why the foregoing rationale, used consistently in cases involving an exclusionary rule judicially developed to deter constitutional violations, should not apply equally in cases involving an exclusionary rule legislatively imposed by La.Rev.Stat. 15:1307 to deter the same constitutional violations. The same purpose applies for the exclusionary rule judicially developed in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) as for the exclusionary rule legislatively imposed in Section 1307. The fact that Section 1310B(1) of the Act imposes an additional requirement for obtaining a wiretap order over and above the usual requirements for obtaining an ordinary search warrant does not change the purpose of the exclusionary rule of Section 1307, but only provides an additional ground *1069 for suppressing evidence when suppression is otherwise appropriate to deter police misconduct.
In the present case, the affidavit submitted by the police officers to the judge who issued the wiretap order contained abundant information which, without reference to the information obtained from the confidential informant, established probable cause to obtain the order. The officers could have omitted the information obtained from the confidential informant and obtained a wiretap order which would not have been subject to challenge under La.Rev.Stat. 15:1310B(1) and 1307. The informant's information, although not tested by the trial judge as contemplated by Section 1310B(1), simply was not essential to the establishment of probable cause necessary to issuance of the wiretap order. Under these circumstances we discern no compelling reason to hold that the insertion in the affidavit of superfluous information by the police officers, who are not lawyers or judges and are not sophisticated in making legal distinctions, requires the suppression of evidence that was otherwise validly seized on the basis of information acquired through the wiretap order. We conclude that suppression of the evidence because of the officers' failure to present the informant, when that informant's information was unnecessary to the obtaining of the wiretap order that led to the search warrant, is simply too high a price to pay to assure technical compliance with a statute whose purpose was otherwise served by the commendable police work in the present case. The deterrent purpose of the exclusionary rule in La.Rev.Stat. 15:1307 would not be served by suppressing otherwise valid criminal evidence because of the type of police behavior involved in this case, namely, the inclusion of superfluous information in the affidavit used to obtain the wiretap order.
For these reasons, the judgment of the court of appeal is affirmed.
JOHNSON, J., dissents.
CALOGERO, C.J., dissents and will assign reasons.
CALOGERO, Chief Justice, dissenting:
The majority, with little compunction, disregards a clear and unequivocal legislative requirement and then argues that a detailed recitation of an informant's statement in the affidavit for the wiretap warrant did not form "a basis" on which the trial judge issued the warrant. I do not agree with the majority's position. I believe that our original opinion in this matter was correct. Accordingly, I dissent.
First, the clear and unambiguous language of LSA-R.S. 15:1310(B)(1) states that a confidential informant must be presented to the judge and placed under oath so that the judge may assess the informant's credibility. There is no exception. We are bound by the Civil Code to apply the law if it is "clear and unambiguous and its application does not lead to absurd consequences." La.Civ.Code. art. 9. However, the majority refuses to follow the clear language of the statute, holding instead that when the informant's statements are excised from the affidavit that probable cause still remains and that under State v. Rey the warrant should be upheld. This misses the point.
State v. Rey established a judicial exception to a judicially created exclusionary rule. We are not faced with such a situation in this case. This is a case where the majority has created a judicial exception to a legislatively created rule. The legislature, as a condition for the issuance of a wiretap warrant, requires that when an informant is used in the affidavit that the informant be presented before a judge. This court can no more read this requirement out of the statute than it can read the requirement for probable cause out of the basis for the issuance of a search warrant.
Second, during the course of the opinion, the majority claims that "the affidavit submitted by the police officers to the issuing judge contained abundant information, which ... established probable cause to obtain the warrant." 666 So.2d at 1069. (emphasis added). However, as the original opinion made clear, the police officers strongly relied upon the information provided by the informant in order to secure the warrant.[1] *1070 When the authorities submit an application substantially complying with the terms of the statute, it must be presumed that they are relying upon the informant's statements as "a basis" for establishing probable cause. From the application submitted, it is obvious that the informant's information was a significant part of the bundle of facts offered to establish probable cause.
The application repeatedly refers to the informant in its attempt to establish "probable cause." A section styled "Facts and Circumstances in Support of this Affidavit" describes in great detail the informant's call to a police sergeant regarding the defendants' narcotics-related activities. The application also mentions the informant's phone call to this sergeant in the last week of April, 1993, when the police were permitted to overhear an intercepted conversation concerning the negotiation of a narcotics transaction. These statements and activities, attributed to the anonymous informant in the application, were among the factors which the trial court considered in making the decision to issue the wiretap order; the fact that perhaps in and of themselves these recitations may not necessarily have been the factors which convinced the magistrate to issue the wiretap order does not detract from the fact that the authorities in fact relied upon them in their application as a basis for establishing probable cause.[2]
The state claims the recitation of facts regarding the informant was for the purpose of explaining "why the police officers acted and did what they did," and not to provide a basis for establishing probable cause. However, once the informant's statements were included in the affidavit they became one of the assortment of facts which the magistrate considered in determining probable cause. This was sufficient to bring the anonymous informant within the purview of LSA-R.S. 15:1310(B)(1).
Based upon the obvious fact that the informant's statements were relied upon by the state in its application as "a basis" for probable cause, it is evident that the state failed to comply with the presentment requirement of LSA-R.S. 15:1310(B)(1) and given that the majority has improperly extended the holding of State v. Rey, I cannot join this opinion. Therefore, I respectfully dissent.
NOTES
[*] Judge Burrell J. Carter, Court of Appeal, First Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, J.

Watson, J., not on panel. Rule IV, Part 2, § 3.
[1] Lang and Ward ultimately pleaded guilty and received a suspended five-year sentence.
[2] The scanner was capable of intercepting conversations over a cordless telephone, but not those over a landline telephone.
[3] Because in this opinion on rehearing we are denying both of defendants' grounds for suppressing the evidence, it is necessary in this opinion to address both arguments. It was not necessary in the opinion on original hearing to address and reject the second grounds, once the majority accepted one ground for suppression.
[4] La.Rev.Stat. 15:1307 provides:

Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this Chapter.
[1] The police laced their affidavit with terms that the informant heard, such as: `quarter,' `half,' `zip,' `pounds,' `Oz's,' `hard,' and `soft,' all of which are allegedly used by persons engaging in drug trafficking, in an effort to bolster their affidavit.
[2] I share the trial court's confusion as to why the police would provide such a detailed description of this information if it did not really form "a basis" for the issuance of the wiretap order. The nature and the extent of this description belies any argument by the state that the anonymous informant's statements were not relied upon as a basis for the application. The court of appeal erred in concluding that merely because the police independently corroborated the information obtained from the informant, the information was not relied upon as a basis for the application. LSA-R.S. 15:1310(B)(1) states that an informant's statement need only form "a basis," not "the basis," for the application to trigger the presentment requirement. It is obvious that the police in the affidavit relied upon the informant's statement as "a basis" for establishing probable cause.