United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30812

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

CALVIN BROWN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 02-CV-3825-B)
(No. 98-CR-194-3)

Before WIENER and PRADO, Circuit Judges, and LITTLE[*], District Judge.

PER CURIAM:[**]

Plaintiff-Appellant Calvin Brown, Jr., federal inmate no. 26239-034, was convicted by a jury for possession and conspiracy to possess with the intent to distribute cocaine and was sentenced to 130 months of imprisonment. We granted Brown a certificate of

_____

[*] District Judge, Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Brown contends that the district court erred in denying his claim that his trial counsel was ineffective. Brown asserts that a Louisiana court's authorization for law-enforcement officials to gather evidence using a wiretap was granted in contravention of that state's law, so the wiretap evidence should have been suppressed before trial. Brown's counsel erred, he charges, for failing to challenge the admission of the wiretap evidence on this ground and thereby failing to preserve the issue for appeal.

Under 18 U.S.C. § 2516(2), a state court may authorize a wiretap in conformity with 18 U.S.C. § 2518 and with the applicable state wiretap authorization statute. The Louisiana Electronic Surveillance Act requires judges to question an informant before granting a wiretap authorization if the application relies on the informant's statements to establish probable cause.[1] On direct appeal to us, we agreed with Brown's argument that (1) the Louisiana court failed to examine the confidential informants before granting the wiretap authorization, and (2) the confidential informants' information was essential to the required finding of

---

[1] LA. REV. STAT. ANN. § 15.1310 (West 1992). See also Louisiana v. Neisler, 666 So. 2d 1064, 1067-69 (La. 1996) (refusing to require suppression of evidence gained through a wiretap despite the authorizing court's failure to examine confidential informants whose statements were used in support of the application because other evidence supported the issuing court's finding of probable cause).

probable cause.[2]  We did not reverse Brown's conviction, however, because the wiretap authorization was supported by probable cause and was valid under all federal law except for the provision making the Louisiana statute applicable.  In the absence of a timely objection, our review was for plain error, which we concluded the district court had not committed in admitting the wiretap evidence.[3]

To prevail on a § 2255 claim for ineffective assistance of counsel, a petitioner must demonstrate that his counsel committed errors so grave as to deprive him of his Sixth Amendment right to a fair trial and that his counsel's deficient performance actually prejudiced the proceedings.[4]  Counsel's deficient performance must fall below the standard for reasonably effective assistance.[5]  Judicial scrutiny of counsel's performance is highly deferential; the court must judge the reasonableness of counsel's performance in light of all the circumstances at the time.[6]  We conclude that Brown has not shown that his counsel's mistake rises to the level of constitutionally deficient assistance.

The attorney whose performance is at issue in this petition

---

[2] U.S. v. Brown, No. 00-30356 at 15 (June 7, 2001)(unpublished).

[3] Id. at 16.

[4] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[5] Id. at 688.

[6] Id. at 690.

was third in a succession of attorneys who represented Brown during his criminal trial and appeal.[7]  The trial court appointed counsel in question approximately seven weeks before Brown's trial.  Before this counsel was appointed, Brown's second attorney had filed, and the magistrate judge had ruled on, a detailed motion to suppress the wiretap evidence.  The motion raised four arguments that the wiretap authorization did not comply with state law and charged that the authorization was unsupported by probable cause.  The motion did not, however, specifically allege that the issuing state judge had relied on the statements of confidential informants whom the judge had not examined.  The magistrate judge rejected Brown's arguments and refused to exclude the evidence, noting that, even if the motion was unsupported by probable cause, the officers' good faith reliance on the wiretap authorization would also justify admitting the evidence.[8]

Under these circumstances, we cannot agree that Brown's subsequent counsel provided ineffective assistance.  Counsel's predecessor had made lengthy and detailed arguments for suppressing the wiretap evidence, each of which was rejected by the court.

---

[7] Brown's first attorney was the Hon. Jay Zainey, United States District Court Judge for the Eastern District of Louisiana, formerly panel attorney for the Federal Public Defender's Office.

[8] The magistrate judge apparently mistakenly believed that _only_ federal law governed the admissibility of wiretap evidence in federal court and therefore considered Brown's state law attacks under parallel provisions of federal electronic surveillance law.

Further, the court offered the separate, additional ground of good faith, on which it would uphold the wiretap evidence regardless of the authorization's validity. Without any controlling precedent _requiring_ suppression of the evidence because of the state judge's failure to examine police informants, Brown's next lawyer was not unreasonable in not filing yet another attack on the wiretap evidence.[9] Indeed, we ruled on direct appeal that "the error was not apparent on the face of the wiretap authorization" because it was supported by probable cause and was valid under federal law. We do not require _appellate_ counsel to raise every possible nonfrivolous claim on appeal; neither do we second-guess _trial_ counsel's decision not to revisit an issue previously briefed extensively and decided adversely to the client.[10]

Brown also seeks to raise an ineffective-assistance-of-counsel issue that was not raised in his 28 U.S.C. § 2255 motion. Specifically, he argues that his counsel should have challenged the jurisdiction of the Louisiana state judge who approved the wiretap authorizations, because not all of the phone numbers under surveillance were located within St. Tammany Parish. We will not

---

[9] The Neisler court refused to create a categorical rule requiring exclusion of evidence when a state judge did not examine confidential informants in contravention of LA. REV. STAT. ANN. § 15.1310. 666 So. 2d at 1065. "[E]ven when there is a clear violation of the statutory requirements of Section 1310B(1), the necessity for suppressing evidence under the exclusionary rule of Section 1307 is an entirely separate question." Id. at 1068.

[10] See Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998).

entertain this claim because our review is restricted to the issue or issues for which a COA was granted.  28 U.S.C. § 2253(c)(3); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

AFFIRMED.