JENKINS, J.,
DISSENTS AND ASSIGNS REASONS
pi concur in the majority’s decision to affirm the trial court’s finding that the Guients are not entitled to damages on their reconventional demand. I respectfully dissent, however, from the majority’s conclusion that the Guients waived their abandonment claim by not filing an application for supervisory writs after the trial court denied their ex parte motion to dismiss Doucette’s claim based on abandonment.
I find that because the Guients formally invoked their right to assert abandonment under La. Code Civ. P. art. 561, they avoided any waiver, and were not required to file an immediate writ application from the trial court’s denial of their motion to dismiss. For this same reason, I also find that the majority erred in concluding that, because the case was submitted for judicial resolution and a judgment was rendered, the Guients waived their right to assert abandonment.
La. Code Civ. P. art. 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without a court order. Clark v. State Farm Mutual Auto. Ins. Co., 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. As stated by the Supreme Court in Clark, “To avoid a possible waiver of the right to assert \ ¿abandonment, a defendant is instructed by Article 561 on the proper procedure to utilize to obtain an ex parte order of dismissal.” Id. (emphasis added).
An examination of cases finding a waiver of the right to abandonment confirms the Clark court’s conclusion that the purpose of an Article 561 motion to dismiss is to avoid post-abandonment waiver. In these cases, the courts were careful to emphasize that the waiving party lost its right to plead abandonment because it took steps toward a judicial resolution of the case prior to filing a motion to dismiss.
For example, in State ex rel. Shields, Inc. v. Southport Petroleum Corp., 230 La. 199, 88 So.2d 25 (1956), the Supreme Court found that a defendant who filed a motion *455 to require the plaintiff to post a bond to cover the cost of trial, when he “could have come into court and moved to have the suit dismissed” on the grounds of abandonment, expressed a willingness to proceed with the trial so as to waive the right to plead abandonment.
In Chevron Oil Co. v. Traigle, 436 So.2d 530 (La. 1983), the defendant filed a motion for summary judgment prior to filing his ex parte motion to dismiss based on abandonment. The Supreme Court found that although the defendant had the right to file a motion to have the lawsuit declared abandoned for failure to prosecute, the filing of the motion for summary judgment instead constituted submission of the case for decision, thereby waiving the abandonment claim.
Citing Chevron, the First Circuit in Adams v. Adams, 14-0387 (La.App. 1 Cir. 3/11/15), 166 So.3d 1066, recently held that the defendant’s filing of an exception of no cause of action and a motion for new trial, prior to filing his ex parte motion for dismissal based on abandonment, constituted submission of the case for decision, thereby waiving his claim of abandonment.
This court has likewise acknowledged that when a party “takes an action inconsistent with abandonment prior to having formally moved for dismissal \ «¡based on abandonment,” that party waives its right to have the case dismissed for want of prosecution. Slaughter v. ARCO Chem. Co., 05-0657, p. 20 (La.App. 4 Cir. 4/26/06), 931 So.2d 387, 400 (emphasis added). As stated by this court in Slaughter:
The problem is that while the La. C.C.P. art. 561 rule that a case is abandoned after three years for non-prosecution seems straightforward and self-executing on its face, the jurisprudence has carved out so many exceptions that a party has no way to be sure of the court’s application of that rule to the facts of a particular case.[1] Because the question of abandonment is fraught with so much uncertainty, a party cannot reasonably ignore actions taken by the opposing party that could have material consequences should the court decide against abandonment. Once a party has expressed its intentions clearly by moving for a decree of abandonment, that party should be permitted to protect its interests in the litigation pending the entry of a formal order of dismissal.
Id., 05-0657,p. 20, 931 So.2d at 399-400 (emphasis added).[2]
In addition to Shields, Chevron, Slaughter, and Adams, the Louisiana cases cited in the majority opinion also involve a party whose steps which constituted a waiver of the right to assert abandonment were taken prior to the filing of a motion to dismiss under Article 561. See Clark v. State Farm Mutual Auto. Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779 (unconditional tender made on October 14, 1996; ex parte motion to dismiss filed on August 2, 1999); True Gospel of Jesus Christ Church Ministry v. Doucette, 08-0634 (La.App. 4 Cir. 11/19/08), 999 So.2d 795 (responses to interrogatories served in December 2003 and deposition taken in June *456 2007; ex parte motion to dismiss filed on January 4, 2008); City of Baton Rouge v. Smuggy’s Corp., 14-0134 (La.App. 1 Cir. 10/16/14), 166 So.3d 202 (deposition taken on January 4, 2013; ex parte motion to dismiss filed on October 9, 2013).
The rationale of these cases applies here. The Guients filed their ex parte motion to dismiss prior to taking any steps that might be construed as inconsistent with abandonment. When the Guients filed their Article 561 motion to dismiss, they clearly expressed their1 intention not to waive their claim of abandonment. After the trial court denied their motion, the Guients continued to protect their interests in this litigation pending an appeal of that judgment by defending themselves against Doucette’s claims, and by prosecuting their own reconventional demand. In so doing, the Guients should not be “put in jeopardy of waiving an abandonment already accrued and moved for.” Slaughter, 05-0657, p. 18, 931 So.2d at 398.
According to, the majority, the Guients waived abandonment because .they “never sought supervisory writs on the set aside of the abandonment dismissal.” For the first time, a majority of this court decides that a party whose motion to dismiss has been denied is required to seek immediate supervisory review of that decision, and cannot allow the matter to be submitted for judicial resolution, lest its abandonment claim be waived. The majority cites no legal authority for the position that a party who formally asserts its right to have its opponent’s claims dismissed as abandoned, and loses, has no choice but to file a writ application, or waive its objection to the trial court’s ruling.
A judgment denying a motion to dismiss on the grounds of abandonment is an interlocutory judgment that is not immediately appealable because it determines a preliminary matter and not the merits.of the action. Reed v. Finklestein, 01-1015, p. 2 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1033. As this court has pointed out, a party’s “right to dismissal [based on abandonment] can be adequately reviewed at the time of- an appeal from the final judgment which ultimately |Kdetermines the merits of the case,” Id. (citing Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4th Cir. 1975)).
Thus, even though the Guients have an absolute right to appeal the interlocutory judgment denying their motion to dismiss based on abandonment, the majority creates a new rule for abandonment cases akin to the judicially-created rule that the only mechanism by which to challenge an adyerse ruling on an exception of improper venue is by a supervisory writ. See Land v. Vidrine, 10-1342 (La. 3/15/11), 62 So.3d 36 (“Failure to timely file a writ application on a venue ruling amounts to a waiver of any objection thereto.”). By eliminating the Guients’ right to appeal the adverse ruling on their motion to dismiss, the majority has created an unwarranted judicial exception to a legislatively created rule; State v. Neisler, 94-1384, 94-1540 (La. 1/16/96), 666 So.2d 1064 (Calogero, J., dissenting).
For these reasons, I respectfully dissent.

. See, e.g., Bergeron v. B-P Amoco, 13-0760 (La.App. 4 Cir. 2/5/14), 131 So.3d 1128 (Jenkins, J., dissenting).

. In Slaughter, the court found that the defendant — who filed a memorandum in opposition to the plaintiff's rule to show cause at the same time as it filed its motion to dismiss on the grounds of abandonment, did not waive its right to assert abandonment. As with this case, "such actions by a defendant who has moved for dismissal should not be characterized as expressing an intention inconsistent with that of abandonment.” Id., 05-0657, p. 18, 931 So.2d at 398.