785 So.2d 779 (2001)
James L. CLARK,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2000-CC-3010.
Supreme Court of Louisiana.
May 15, 2001.
*781 James H. Askew, Shreveport, Counsel for Applicant.
Theodore J. Casten, Casten & Pearce, Shreveport, Counsel for Respondent.
CIACCIO, Justice pro tempore.[*]
This is a personal injury action arising out of a motor vehicle accident. The sole issue is whether this action was properly dismissed as abandoned pursuant to La. C. Civ. Pro. art. 561. Characterizing defendant-insurer's unconditional tender pursuant to the statutory requirement of La. Rev.Stat. 22:658 A(1) as a step in the defense, the trial court found the suit was not abandoned. Reversing, the court of appeal characterized the tender as a part of informal settlement negotiations, which are not on the record, and thus held it was not a step. We characterize the tender as an acknowledgment, which despite its informal nature constitutes a waiver, and thus hold that it served to interrupt the abandonment period and caused it to run anew.

Facts
On January 16, 1995, James Clark was involved in a motor vehicle accident in Shreveport, Louisiana. Clark was a guest passenger in a vehicle owned and operated by June Manasco. Clark and Manasco both were insured by State Farm Mutual Automobile Insurance Company, and they both had policies that included uninsured/underinsured motorist coverage (UM). Clark settled for policy limits his claim against the insurer of the driver of the other vehicle. On January 16, 1996, Clark commenced this suit against State Farm as UM insurer for both himself and Manasco, seeking to recover the remainder of his damages. Because settlement negotiations between the parties were ongoing, Clark withheld service, but sent State Farm a courtesy copy of the petition and copies of his medical records.
On October 14, 1996, State Farm made an unconditional tender of $3,000 to Clark. State Farm's purpose in making the tender *782 was to comply with its obligations under the terms of the UM policies and La.Rev.Stat. 22:658 A(1).[1] State Farm's correspondence accompanying its check read: "[p]lease accept this draft as our unconditional tender to conclude the above claim." Hence, the tender, as mandated by McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985), was unconditional.
After plaintiff accepted the tender by cashing the check, an extended period of inactivity by either party followed. Then, on June 15, 1999, plaintiff took two actions. First, he filed a copy of the tender check and correspondence into the record. Second, he requested that State Farm be served with the petition. On June 22, 1999, State Farm was served.
On August 2, 1999, defendant filed an ex parte motion and order to dismiss the suit as abandoned. In compliance with La. C. Civ. Pro. art. 561, defendant submitted with its motion and order an affidavit of its counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three-year abandonment period. On that same date, the trial court signed the ex parte order of dismissal. On August 27, 1999, plaintiff filed a motion for a rule nisi seeking to set aside the order of dismissal.
On March 6, 2000, the trial court rendered a judgment setting aside the dismissal and reinstating the suit. The trial court reasoned that defendant's unconditional tender was a "step" in the defense of the case under La. C. Civ. Pro. art. 561, which interrupted the running of the abandonment period and caused it to run anew.
On defendant's application for supervisory writs, the court of appeal reversed. As to plaintiff's argument that the tender was a step in the defense because it was made by defendant to comply with its statutory obligation under La.Rev.Stat. 22:658 and thereby to avoid penalties, the court stated:
[Plaintiff] does not, however, provide any support for this argument. To the contrary, such a tender is merely part of the negotiation process which does not constitute a step in the prosecution. See Newson v. Bailey, 88 So.2d 391 (La.App. 2d Cir.1956). A "step" in the prosecution or defense of a suit occurs when a party takes formal action ... intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). An unconditional tender is neither formal, nor does it hasten a matter to trial. Most important, it was not made a part of the record until after the suit had technically been abandoned pursuant to La. C.C.P. art. 561.
Any step taken by a party after the period for abandonment has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. Middleton v. Middleton, 526 So.2d 859 (La.App. 2nd Cir.1988). La. C.C.P. art. 561 requires that any action in prosecution or defense of a suit, except for discovery, must be filed in the record. In the case sub judice, Mr. Clark claims that State Farm's unconditional tender was an action in defense of the suit. It was not filed in the record, however, until June 15, 1999, after the three-year period for abandonment had run and should not have been considered.

33,960 at pp. 2-3 (La.App. 2nd Cir.9/27/00), 769 So.2d 176, 178 (emphasis supplied).
*783 As to plaintiff's second argument that the tender was properly considered because it was a mode of formal discovery exempt from the on the record requirement by La. C. Civ. Pro. art. 561(B), the court of appeal, labeling this a novel argument,[2] concluded it lacked merit, reasoning:
The tender of an undisputed sum is a form of negotiation, not discovery. Discovery is the gleaning of information relevant to the prosecution or defense of one's suit. The acceptance or rejection of a tender is not a gleaning of information. Although discovery is no longer required to be filed in the record, the step must still be a formal action intended to hasten the matter to judgment. Chevron, supra.

In Chevron, supra., the court refused to consider any of the numerous correspondence filed into the record evidencing negotiations between the parties as a "step" in the prosecution or defense of the suit. Steps in negotiations do not become a formal step in litigation merely by virtue of being filed into the record. Similarly, we do not find the evidence of negotiations in the form of an unconditional tender to be a step in the defense or prosecution of the instant suit, regardless of the amendment to La. C.C.P. art. 561 which eliminated the requirement of recordation. Finally, the fact that negotiations were ongoing did not prevent Mr. Clark from taking his own steps in the prosecution of the suit to ensure it was hastened toward judgment. Newson, supra.

33,960 at p. 4, 769 So.2d at 178. The court of appeal thus dismissed Clark's suit as abandoned.
We granted Clark's application for certiorari to address the correctness of that decision. XXXX-XXXX (La.1/5/01), 777 So.2d 1237.

Abandonment
The controlling statutory provision in this case is La. C. Civ. Pro. art. 561, which provides in part:
A. (1) An action[3] is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,[4] unless it is a succession proceeding....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that *784 no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.[5] Second, the step must be taken in the proceeding and, with the exception of formal discovery,[6] must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by Article 561 on the proper procedure to utilize to obtain an ex parte order of dismissal. If despite some action by defendant during the three-year period that arguably constitutes a waiver the judge signs the ex parte dismissal order, the proper procedural mechanism is for the plaintiff to "rule defendant into court to show cause why the ex parte dismissal should not be vacated, alleging ... the court inadvertently dismiss[ed] the suit without noticing that defendant has taken a step in the defense of the suit within the previous [three] years." La. C. Civ. Pro. art. 561, cmt. (c)(1960).[7]
Construing Comment (c) to Article 561, former Justice (then Judge) Tate expounded that "an ex parte dismissal may be rescinded by rule to vacate it upon a showing that a cause outside the record prevented accrual of the five years required for abandonment." DeClouet v. Kansas City Southern Railway Co., 176 So.2d 471, 476 (La.App. 3rd Cir.1965)(Tate, J., dissenting from denial of reh'g)(emphasis supplied). Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule.[8] Those two exceptions are: (1) *785 a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Only the latter, defendant-oriented exception is relevant to this case.

Issue Presented
Both sides agree that the defendant's unconditional tender, albeit outside the record, was the only action taken in the legislatively provided three-year abandonment period.[9] The effect of defendant's unconditional tender on abandonment is thus the sole issue. More precisely, the issue presented is two-fold: (1) whether the extrinsic evidence of the tender (the check and accompanying correspondence) was properly considered by the trial court in ruling on plaintiff's rule nisi;[10] and (2) whether the tender constituted either a step in defense of this action or a waiver of the right to have the suit declared abandoned and therefore dismissed.

Liberal Construction Standard.
The jurisprudence has uniformly held that La. C. Civ. Pro. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. The jurisprudence has echoed some general policy considerations that dictate this result. Oft-quoted is the following statement by Justice (then Judge) Lemmon in Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977):
The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiffs inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff *786 has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.[11]
Quoting the above language from Kanuk, the appellate courts have declined to allow form to prevail over substance in determining whether an action has been abandoned.[12] This court has likewise declined to allow suits to be dismissed as abandoned based on technical formalities.[13]
In sum, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.

Policy Considerations Underlying Abandonment
Abandonment is a device that the Legislature adopted "`to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue.'" Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir.1957). Indeed, Louisiana abandonment jurisprudence is rich in cases, like this one, illustrating how the practice of withholding service facilitates a period of litigation inactivity. We take judicial notice of recent legislation enacted to deal more directly with the period of litigation inactivity created by the tactic of filing suit to interrupt the running of prescription, yet withholding service.[14]
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, "the logical inference is that the party intends to abandon the claim and the law gives effect to *787 this inference." Young v. Laborde, 576 So.2d 551, 552 (La.App. 4th Cir.1991). The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive. As noted, two jurisprudential, prescription based exceptions are recognized. Moreover, given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." Id.
Abandonment is not a punitive concept; rather, it a balancing concept. Abandonment balances two equally sound, competing policy considerations: "on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." Sanders, 92 So.2d at 159. The latter policy consideration parallels those served by prescriptive statutes promoting legal finality, barring stale claims, and preventing prejudice to defendants. Gary v. Camden Fire Insurance Co., 96-0055 (La.7/2/96), 676 So.2d 553. More precisely, the latter prescriptive purpose on which abandonment is based promotes "the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets." 1 Judge Steven R. Plotkin, West Practice Group: Louisiana Civil Procedure 359 (2001). Given the balancing function served by abandonment, "Louisiana's jurisprudence tends to be inconsistent; no bright lines exist." Id. (emphasis supplied.)
Given the lack of any bright line abandonment rules, a review of the historical development of abandonment, with a focus on the defense-oriented concepts of step in the defense and waiver, is necessary to provide a framework for our analysis.

Historical Background of Abandonment Step in the Defense and Waiver
Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim. Given its historical roots, abandonment unsurprisingly has been construed as subject to prescription-based exceptions, one of which is the waiver exception based on acknowledgment.
Insofar as Article 561 recognized that a step made by the defendant in defense of the action results in an interruption of abandonment, it changed the prior law. The prior law addressed directly only a plaintiffs step in the prosecution; a defendant's step in the defense was addressed indirectly through the jurisprudential waiver exception.
The prior law of abandonment was found in La. C.C. art. 3519 (1870), which was located in the section of the code addressing causes which interrupt prescription; it read:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as having never happened.
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same. *788 La. C.C. art. 3519 (1870)(as amended by Acts 1898, No. 107)(emphasis supplied). Significantly, the prescription concept of acknowledgment, which formed the basis for the waiver exception to abandonment, was set forth in the article following abandonment, La. C.C. art. 3520 (1870), which read: "[p]rescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
In 1960, the procedural rules were removed from the Civil Code and transferred to the Code of Civil Procedure; former C.C. art. 3519 was transferred to La. C. Civ. P. art. 561. As to the waiver exception, Article 561 differed from former C.C. art. 3519 in two respects: (1) it expressly declared that abandonment is selfoperative; and (2) it provided "that a failure by the parties to take any steps in the prosecution or defense of the suit leads to abandonment," and thus made no distinction as to which party must take a step. Chevron Oil Co. v. Traigle, 436 So.2d 530, 533 (La.1983). The latter change was construed as codifying the defense-oriented waiver exception as a step in the defense. Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La.1975).
In Melancon, we stated that Article 561 "incorporated the waiver exception only to the extent that a formal step taken by a defendant in his defense interrupts the [three-]year abandonment period and commences it running anew." 307 So.2d at 312 n. 2. Describing the present rule, we noted that "the formal action of a defendant is properly regarded as like an acknowledgment that interrupts the [abandonment] period, causing it to run anew." 307 So.2d at 312.
Likewise, in Chevron, we noted that the Legislature in Article 561 clearly expressed the intention in the comments to Article 561 that, as to actions taken by defendant during the abandonment period, the concept of waiver was retained. 436 So.2d at 534. In so doing, we quoted the pertinent comment to Article 561, which reads:
The article treats the action as abandoned only if [three] years has elapsed without any steps being taken by any of the parties in the prosecution or defense thereof. This change was made to provide for the case where the defendant has taken some step in the defense of the action, but subsequently moves to have the action declared abandoned because the plaintiff has failed to take any steps in the prosecution thereof for five years.
Id. (quoting La. C. Civ. Pro. art. 561, Official Cmt. (b)(1960)). As a result we equated a step in the defense with a pre-abandonment waiver.
Pre-abandonment waiver was cabined to the same requirements as step in the prosecution or defense, including the requirement of formal action on the record, as a result of the following broad remark in Melancon: "extrinsic proof of such a waiver cannot be permitted." 307 So.2d at 312. (emphasis supplied). For several reasons, we find that remark mistaken.

Melancon decision
Melancon was a divided decision of this court. Melancon held that a defendant's verbal agreement not to proceed with a state court suit while the plaintiff was pursing a parallel federal court suit, asserting federal constitutional issues, did not result in a waiver of the defendant's right in the state court suit to assert abandonment. Both this court and the commentators have criticized that case. The commentators have noted "the logic of contrary reasoning." Maraist & Lemmon, supra § 10.4 at 243. This court has held that certain dicta language in Melancon was mistaken. Chevron Oil Co. v. Traigle, *789 436 So.2d 530 (La.1983).[15] Today, we like-wise hold, as noted above, that the remark in Melancon that extrinsic evidence of a waiver is not permitted was mistaken to the extent it precludes establishing an acknowledgment by the defendant of an obligation to plaintiff. That remark is inconsistent with the jurisprudence holding that an order of dismissal based on abandonment may be set aside based upon "a showing that a cause outside the record prevented accrual of the [three] years required for abandonment" and recognizing as one such cause the prescription-based exception to abandonment of waiver. DeClouet, 176 So.2d at 476.

Timing of Defendant's Actions Constituting a Waiver
An inherent distinction has been noted between a plaintiff's acts in relation to abandonment and those of a defendant. Unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. "Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit." Maraist & Lemmon, supra § 10.4 at 243. "No `definite action' by a plaintiff or inaction by a defendant after accrual of the [three-]year period can be construed as a waiver of abandonment by the defendant, although a defendant by `definite action' may waive the abandonment." Middleton, 526 So.2d at 860. That a defendant's conduct occurred before the abandonment period elapsed as opposed to after is thus a distinction without a difference.
The timing of a defendant's conduct cannot logically be construed as altering its character insofar as whether it is sufficient to constitute a waiver of the right to plead abandonment. Logic dictates that the same standard for determining if action of the defendant results in waiver and thereby an interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed.
For those reasons, we conclude that a defendant's conduct that would amount to a waiver as an acknowledgment if taken after the abandonment period has elapsed can also be established by evidence outside the record to be a pre-abandonment waiver based on acknowledgment and serve to recommence the abandonment period running anew.

Defendant's Unconditional Tender
The issue presented in this case is whether defendant's pre-abandonment, unconditional tender was sufficient conduct to constitute a waiver. In resolving this issue, we address the two possible characterizations of the tender: (i) informal settlement negotiations (as the court of appeal *790 held and defendant contends); or (ii) an acknowledgment (as the plaintiff suggests), and thus, a pre-abandonment waiver (as we hold), which served to interrupt the abandonment period and caused it to run anew.

Informal Settlement Negotiations
"Extrajudicial efforts," such as informal settlement negotiations between the parties, have uniformly been held to be insufficient to constitute a step for purposes of interrupting abandonment. Maraist & Lemmon, supra § 10.4 at 242. To distinguish such informal actions, which were insufficient to prevent abandonment, the jurisprudence crafted the requirement of "`some formal action before the court.'" DeClouet, 176 So.2d at 475 (Tate, J., dissenting in denial of reh'g). Applying that requirement, the jurisprudence has required "certainty of formal action in the judicial proceedings themselves, rather than the uncertainty of informal action by counsel outside thereof, as necessary to interrupt the running of the [legislatively ordained abandonment period] during which action is required." Sanders v. Luke, 92 So.2d at 159.
The purpose of this "formal action" requirement has been summarized as follows:
[T]he courts have refused to characterize matters outside the record as steps in the prosecution of the suit because: (a) of the uncertainty of accepting informal non-legal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit.
DeClouet, 176 So.2d at 476 (emphasis supplied).
The rationale for the judicial engraftment of a formal action requirement onto Article 561 was that allowing informal, ex parte actions to serve as a step in the prosecution "might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice." Id.[16] Those policy considerations, however, only apply to defendants against whom a suit is lingering.[17]
The rule requiring a party's action be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. The purpose underlying the rule is not present when, as here, it is the defendant taking action and doing so in defense of plaintiffs suit to avoid penalties and attorney's fees. Based on this rationale, we concluded earlier in this opinion that the remark in Melancon precluding the consideration of conduct not on the record in determining if defendant's conduct constituted a waiver was mistaken. Repeating, we conclude that to the extent a defendant's conduct would amount to a waiver as an acknowledgment if taken after the abandonment period has elapsed, such pre-abandonment acknowledgment can also be established by evidence outside the record to be a waiver, which serves to recommence the abandonment period running anew.
*791 If the defendant's conduct in this case was simply informal settlement negotiations, as defendant contends and the court of appeal concluded, then the waiver exception would not apply, and the general rule requiring formal action would apply.[18] This case, however, presents an entirely different factual scenario: an unconditional tender.
An unconditional tender is made to a plaintiff "not in settlement of the case, but to show [the insurer's] good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured." McDill v. Utica Mutual Insurance Co., 475 So.2d 1085, 1091-92 (La.1985). A tender made to satisfy the requirements of La.Rev.Stat. 22:658(A)(1) must be unconditional, i.e., with "no strings attached," and thus, by definition, cannot be a settlement offer. The court of appeal's characterization of the tender as part of informal negotiations was thus erroneous.
A similar mischaracterization of an unconditional tender as a settlement offer was made by the trial court in Johnson v. Protective Casualty Insurance Co., 572 So.2d 355 (La.App. 1st Cir.1990). Reversing, the appellate court in Johnson explained the difference between a tender and a settlement offer as follows:
For a tender to be valid as such it must be unconditional. An insurer may avoid the imposition of penalties and attorneys' fees by unconditionally tendering part of the claim which is undisputed, when there is a reasonable dispute as to the amount of loss. However, an offer of payment in exchange for a complete release of the plaintiff's claim is not a tender within the contemplation of LSA-R.S. 22:658. Instead, an accord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of all claims and the claimant accepts the offer.
572 So.2d at 357 (emphasis supplied) (citations omitted). Applying this principle, the court concluded that the trial court erred in finding the insurer's unconditional tender to be an attempted compromise given the unambiguous language used in the transmittal letter and the notation on the check. The court emphasized that the insurer's purpose in making the tender was to avoid penalties and attorney's fees; simply stated, the insurer "was merely protecting its interests under LSA-R.S. 22:658." Id. By analogy, defendant's purpose in making the tender was to protect its interest under La.Rev.Stat. 22:658, and the court of appeal's characterization of the tender as part of informal negotiations was erroneous.

Tender as an Acknowledgment and a Waiver
The historical and theoretical nature of abandonment as a species of prescription renders it appropriate to consider prescriptive principles in analyzing res nova abandonment issues such as the issue presented in this case by defendant's tender. See Sterling v. Insurance Co. of Pennsylvania, 572 So.2d 835 (La.App. 4th Cir. *792 1991). The relevant prescriptive principle in this case is acknowledgment.
An acknowledgment is "a simple admission of liability resulting in the interruption of prescription that has commenced to run, but not accrued, and may be made on an informal basis." Lima v. Schmidt, 595 So.2d 624, 634 (La.1992)(emphasis supplied).[19] In explaining the distinction between a conditional settlement negotiation and an unconditional acknowledgment, this court in Lima stated:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments.
595 So.2d at 634 (emphasis supplied). Applied here, the unconditional tender by defendant was, at least for purposes of abandonment, an acknowledgment.
A similar result was reached in Sterling, supra. Characterizing a defendant's monthly payments of workers' compensation benefits and medical expenses as an acknowledgment and thus a continuing waiver of the right to plead abandonment, the Sterling court reasoned:
In this case, payment of compensation and medicals by defendants is totally inconsistent with any intent to treat the case as abandoned. Defendants continued the trial date "indefinitely", voluntarily acknowledged an obligation, and made monthly payments for more than five years. Each payment was a continuing waiver of defendants' right to plead abandonment because that action (payment) is inconsistent with an intent to treat the case as abandoned.
572 So.2d at 837. In so holding, the Sterling court further noted the "real world" implications of defendant's payment actions and the unfairness that would enure to plaintiff in having his suit dismissed as abandoned under the facts.[20]
In determining whether a waiver of the right to assert abandonment occurred, the jurisprudence has recognized the appropriateness of considering the qualitative effect of the defendant's conduct. Articulating this standard, one court stated:
Whether the step or steps taken by a defendant ... be termed as "affirmative" or as "definite" or "formal", it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment.
Middleton, 526 So.2d at 860-61 (citations omitted)(emphasis supplied).
The qualitative effect of defendant's unconditional tender is that it served to protect defendant's interests under La.Rev. Stat. 22:658(A)(1). The tender served to place defendant in such a position as to avoid penalties and attorney's fees if, after trial, it is ultimately proven that coverage under the policy existed. The tender thus provided defendant with protection from liability exposure for penalties and attorney's fees at the conclusion of the case.[21]
Given this substantive effect that flowed from defendant's tender, it would defy the *793 jurisprudential principle dictating that courts consider substance over form in determining abandonment issues to fail to recognize the tender as an interruption of the abandonment period. Indeed, a contrary construction of Article 561 under the facts of this case would violate the mandate of La. C. Civ. Pro. art. 5051 that "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
Equity dictates recognizing the tender as an acknowledgment and thus within the waiver exception, which results in an interruption of abandonment and a recommencement of the abandonment period from the date of the tender. To place itself in a position where its post-trial exposure for penalties and attorney's fees is limited and thereby protecting its own interest, defendant made a tender to plaintiff. It would be inequitable to allow defendant to obtain that protection, yet to disallow plaintiff to invoke the tender as a basis for avoiding dismissal on abandonment. This result is consistent with the policy considerations underlying abandonment that require any doubt be construed in favor of maintaining a plaintiff's action.
Accordingly, we hold that defendant's October 14, 1996 unconditional tender served as an acknowledgment and thus a waiver, which served to recommence the three-year abandonment period. Since plaintiff undisputedly took steps in the action within three years of that tender, the court of appeal erred in dismissing this action as abandoned.

Decree
For the foregoing reasons, the judgment of the court of appeal is reversed, and the matter is remanded to the district court for further proceedings.
VICTORY, J. dissents and assigns reasons.
TRAYLOR, J., dissents for reasons assigned by VICTORY J.
VICTORY, J., Dissenting.
La.Code Civ. P. art 561 provides in pertinent part:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ... [Emphasis added]
The issue in this case is whether an unconditional tender made by the defendant pursuant to the statutory requirement of La. R.S. 22:568 A(1), but which was not timely filed in the record of the proceedings in the trial court by either party, interrupts the three year abandonment period which would otherwise have run in this case.
The majority concedes that for an action of either party to interrupt the statutory three year period it must: 1) be a formal action before the court; 2) be taken in the proceeding; and 3) be within the prescribed period. In this case, the privately conveyed tender by the defendant meets none of these tests. While the tender could fairly be construed as a step in the defense of the action, it was not made as a formal action in the trial court, was not filed of record so as to make it part of the proceeding, and neither party filed it into the record within the prescribed three year period, although such action could have been taken by plaintiff or defendant. Accordingly, the plain wording of Code Civ. P. art 561 makes it clear that the tender made in this case did not interrupt the three year statutory period for abandonment.
In order to avoid the result dictated by the law, the majority effectively overrules *794 the controlling decision of this Court on the issue before us. We spoke clearly to the applicable standard in Melancon v. Continental Casualty Co., 307 So.2d 308 (La.1975). In Melancon, the trial judge granted defendant's motion for a new trial after a jury returned an award favorable to the plaintiff. Plaintiff then commenced an action in Federal court questioning the constitutionality of the state trial judge's action. Both parties engaged in lengthy litigation of the issue in federal court, during which time defendant agreed not to proceed in state court. When plaintiff's federal claim eventually failed, plaintiff attempted to reset the matter for trial in state court pursuant to the state trial judge's new trial order. However, at that point the period for abandonment had passed, no formal action having been taken in the trial court during the lengthy proceedings in federal court. On defendant's motion, the state court suit was dismissed as abandoned. Plaintiff ultimately sought relief in our Court.
We held in Melancon that plaintiff's actions in federal court, albeit on the record of that proceeding and unmistakably taken to advance the prosecution of his case in state court, nevertheless did not interrupt the statutory abandonment period. We concluded:
Clearly the action taken by plaintiff in federal court cannot be said to be a step taken "in the trial court ..." Id. at 310 [emphasis added].
Just as in Melancon, the action taken by the defendant in this case, although perhaps a step in the defense of the action, was not taken in the trial court and did not interrupt the period for abandonment. We affirmed this principle in our more recent decision in Chevron Oil v. Traigle, 436 So.2d 530 (La.1983). In that case we found that the defendant could not successfully claim abandonment of an action by the plaintiff because defendant had taken formal action in the record in the trial court seeking a summary judgment. As we noted in Traigle, however, other off the record exchanges were not sufficient to defeat abandonment. The parties are required to take "formal action in or before the trial court within the intent of article 561 ..." Id. at 533. Indeed, article 561 itself lists the only recognized departure from that rule in the case of formal discovery not filed of record. The majority confuses the issue by engaging in an expansive discussion of the concepts of waiver and acknowledgment. In my view, a resort to equitable principles to evade the express provisions of the law is erroneous. La. Civ.Code art. 4. Moreover, the history of Code Civ. P. art. 561 makes it clear that the majority's application of such principles in this case is in error.
Prior to 1960, the rules on abandonment were found in Civil Code art. 3519, which spoke only of the inaction of the plaintiff in prosecuting his action. In order to prevent dismissal of suits where the defendant had taken action inconsistent with an intent to rely on abandonment and evidencing an intent to litigate, our courts borrowed the equitable concepts of waiver and acknowledgment from the body of law that had developed with respect to prescription. However, with the inclusion of the abandonment rule in the Code of Civil Procedure, the legislature added a provision to make it clear that a formal action taken in the trial court by either party in the prosecution or defense of the case interrupts the period of abandonment. Since the legislature has expressly incorporated this missing element into the body of the statute, it is no longer necessary or appropriate to resort to equitable principles to resolve the issue.
Furthermore, it should be noted that even under the jurisprudence on abandonment that developed under Civil Code art. 3519, action of the defendant pleaded as a waiver to defeat his claim of abandonment *795 had to be formal action. Melancon v. Continental Casualty Co., 307 So.2d 308, at 311. Thus, even under the law as it existed prior to the amendment of the rule on abandonment, the result reached by the majority is incorrect. Both before and after the legislative changes to the rule, the action of the defendant must have been formal and must have been in the trial court. The issue is not whether or not defendant can waive the right to claim abandonment. The issue is whether the action constituting the waiver must be action taken "in the trial court." That is precisely what the statute requires and is the rule that has been followed both under Civil Code art. 3519 and Code Civ. P. art 561. The majority not only ignores the plain words of the statute but also departs from the interpretation of the law established in a long line of jurisprudence.
In Melancon, we specifically rejected the claim that an agreement of defendant not to take action in state court during the pendency of the federal proceeding constituted a waiver of the type that could defeat abandonment because the agreement was not filed in the state trial court. The question in Melancon was not the ease or difficulty of establishing the agreement by extrinsic evidence. The agreement at issue in Melancon was admitted to have been made. Rather, the prohibition against the use of extrinsic evidence was found in the statute itself. And as we held in Melancon, policy reasons dictate that we should not depart from the settled law:
... any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Id. at 312.
I see no justification for a departure from the application of the law as written by the legislature and interpreted by this court in Melancon. The majority's representation that it must liberally interpret the law so that only actions "which in fact have been clearly abandoned" will be dismissed begs the question. It is for the legislature to define the circumstances under which a case is deemed abandoned. The legislature has done so. In this case those circumstances have been met.
As recently as our decision last term in State v. Kennedy, XXXX-XXXX (La.4/03/01), ___ So.2d ___, 2001 WL 316170, we reiterated that courts are obliged to give effect to the law as written. Chief Justice Calogero reminded us that our court must "desist from the exhortation to legislate." And like Kennedy, this case tests our "resolve in upholding the law as written and as consistently followed by this court for nearly thirty years." The right to make a change in the law falls within the province of the legislature.
Accordingly, I respectfully dissent.
NOTES
[*] Philip Ciaccio, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] La.Rev.Stat. 22:658 A(1) requires that "[a]ll insurers issuing any type of contract [subject to exceptions not applicable here] shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest."
[2] More precisely, plaintiff's second argument was that the tender was: (i) an acknowledgment by defendant of an amount which it reasonably believed it owes and which is not refundable; (ii) an admission of liability, which is discoverable information under La. C. Civ. Pro. art. 1421; and (iii) within the "formal discovery" exemption codified in La. C. Civ. Pro. art. 561(B), and thus exempt from the general rule requiring a step to be on the record.
[3] Article 561 uses the broad term "action" so as to encompass not only principal, but also incidental and reconventional, demands. See Young v. Laborde, 576 So.2d 551, 552 (La. App. 4th Cir.1991)(when defendant actively prosecutes his reconventional demand, plaintiff's failure to prosecute principal demand does not result in an abandonment). Another result of the use of the term "action" is the abandonment period runs from the filing of the petition, despite any delay in service on the defendant. See La. C. Civ. Pro. art. 421 (providing that "civil action" is commenced by filing a pleading in a "court of competent jurisdiction.") Yet another result is that Article 561 does not require a party to take a step as to each "claim" but rather requires a step be taken in prosecution or defense of the "action." Weldon v. Weldon, 98-1173 at p. 7 (La.App. 3rd Cir.2/3/99), 737 So.2d 812, 816.
[4] Article 561 was amended, effective July 1, 1998, to reduce the abandonment period from five to three years. The amendment also expressly provided that it "shall apply to all pending actions."
[5] See La. C. Civ. Pro. art. 1446(D)(noting "taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings"); and La. C. Civ. Pro. art. 1474(C)(4)(similarly providing for discovery materials).
[6] As noted elsewhere in this opinion, an exception to this formal action requirement for formal discovery was codified in Article 561(B).
[7] The procedural history of this case illustrates compliance with those requirements.
[8] See Akyar v. Lee, 99-806 at p. 4 (La.App. 5th Cir.1/25/00), 751 So.2d 411, 413, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 348(noting these exceptions have been applied by the courts "from at least 1975 and after the 1982, 1983 and 1987 amendments" to Article 561 and rejecting argument that the Legislature's adoption in 1997 of provision for plaintiff to move to set aside the dismissal was intended to expand these exceptions).
[9] The record reflects a period of litigation inactivity from January 16, 1996, when the petition was filed, until June 15, 1999, when plaintiff filed in the record a copy of the tender check and correspondence and requested service.
[10] On the evidentiary issue, defendant argues, and the court of appeal agreed, that plaintiff's filing of the tender into the record after the three-year abandonment period could not serve to revive the arguably abandoned action. While we agree that plaintiff's actions outside the three-year abandonment period cannot serve to breathe new life into the action, that does not end our analysis. Rather, our focus is on the defendant's action in making the tender during the abandonment period.

Defendant further argues, citing the express formal discovery exception set forth in La. C. Civ. P. art. 561(B), that extrinsic evidence of the unconditional tender cannot be considered. By creating this exception for formal discovery, defendant contends that the Legislature intended to retain for all other type actions the general formal action requirement, i.e., the requirement that to be considered a step, such action must occur on the record before the trial court. Continuing, defendant contends that since, as the appellate court held, a tender is not discovery, the exception for formal discovery does not apply; instead, the general formal action rule applies. Under the general rule, the tender is extrinsic evidence that should not be considered and thus, by definition, cannot be a step. Repeating the novel argument the court of appeal rejected, plaintiff argues the tender was an admission of liability and thus falls within the broad ambit of the formal discovery exception. Because we characterize the tender as an acknowledgment and thus within the waiver exception to abandonment, we pretermit this issue.
[11] In Kanuk, for instance, the principle was applied to find the filing of a technically defective, unsigned motion refuted any inference that plaintiff intended to abandon the action. In finding this a step, the court stressed the lack of prejudice to the defendants.
[12] See Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984)(filing of in forma pauperis papers, albeit not in proper form, held to be a step); Gibson v. Valentine Sugars, Inc., 485 So.2d 620 (La.App. 4th Cir.), writ denied, 489 So.2d 920 (La.1986)(attempting to file a request for production was a step); American Eagle, Inc. v. Employers' Liability Assurance Corp., 389 So.2d 1339, 1342 (La.App. 1st Cir.1980), writs denied, 396 So.2d 885, 886 (La.1981)(trial judge's act of calling a post-trial conference constituted a step); Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc., 95-1978 (La.App. 4th Cir.3/14/96), 671 So.2d 976 (noting "equitable considerations" close to those in Kanuk warranted finding step under particular facts involving defendant involved in a bankruptcy proceeding).
[13] See Hargis v. Jefferson Parish, XXXX-XXXX (La.3/17/00), 755 So.2d 891 (reversing in a per curiam finding of abandonment based on correspondence to clerk requesting service, including payment of service fee, despite correspondence never being filed in record).
[14] In 1997, the Legislature enacted measures designed to deal more directly with the problems created by withholding service. Particularly, La. C. Civ. Pro. art. 1672(C) was added to correlate with the addition to La. C. Civ. Pro. art. 1201(C), which now mandates that service be requested within ninety days of commencement of the action. When the latter service requirement is not complied with, Article 1672(C) provides for an involuntary dismissal without prejudice to be entered upon motion of the defendant. Defendant, however, can waive such service requirement "by any written waiver." La. C. Civ. Pro. art. 1201(C). See also La.Rev.Stat. 13:5107(D)(providing similar rule for service on the state).
[15] That dicta language in Melancon was the statement that "[c]learly, under the present version of article 561, formal action taken by the defendant after the expiration of five years' inactivity will not preclude a later plea of abandonment by him." 307 So.2d 308, 312 n. 2 (La.1975). Noting that statement was mistaken "insofar as it indicates that the defendant, once abandonment has occurred, cannot do anything which would constitute a waiver," we concluded in Chevron Oil that a defendant's submission of an abandoned case for decision resulted in a waiver of the right to claim abandonment. 436 So.2d at 534. We reserved the issue of what other types of actions by a defendant would amount to a waiver. Other examples of conduct by defendants that have been held sufficient to waive abandonment include "agreeing to a trial setting, submitting the case for decision, seeking security for costs, or provoking or responding to discovery." 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 10.4 at 244(1999). To this list, we add making an unconditional tender.
[16] Responding to criticisms from judges and commentators regarding the application of the formal action requirement to the taking of a deposition, the Legislature amended La. C. Civ. P. art. 561 to codify an exemption for formal discovery.
[17] Nevertheless, as noted earlier, the courts in construing Article 561 as codifying the concept of waiver as a step in the defense extended, without analysis, this formal action requirement to those defense-oriented concepts.
[18] See Porter v. Progressive Specialty Ins. Co., 99-2542 (La.App. 1st Cir.11/8/00), 771 So.2d 293; and Woodward v. Lumbermens Mutual Casualty Co., 00-0399 (La.App. 1st Cir.3/28/01), ___ So.2d ___, 2001 WL 293965. Those two recent appellate cases illustrate attempts by plaintiffs to invoke the waiver exception to excuse extended periods of litigation inactivity based on informal negotiations documented only in correspondence between counsel. In both cases, the courts concluded that such informal negotiations were neither steps nor waivers. In the factual setting presented in those cases, there was no waiver, and the formal action requirement that action be taken on the record was properly applied.
[19] Lima involved a prescription issue in the legal malpractice setting.
[20] See Melancon, 307 So.2d at 313 (Dixon, J., dissenting)(expressing similar view of inappropriateness in strictly construing Article 561, a procedural provision, "to overcome reality.")
[21] In characterizing defendant's unconditional tender as an acknowledgment for purposes of abandonment, we expressly do not reach the issue of whether such tender constitutes an admission of liability for other purposes.