DOWNING, J.,
concurs and assigns reasons.
hi concur with the report because I agree that fax filing a motion to set the matter for trial is a formal step in the prosecution that interrupts abandonment, even though the fax filing was not effective for the purpose intended.
However, I disagree that the letter from Mr. Thibaut’s counsel stating that there has been no response to previously filed discovery requests and reciting that, therefore, “any motion to fix for trial is premature” is a step in the prosecution. This correspondence is not a formal action as required by Clark v. State Farm, 00-3010, p. 6 (La.2001), 785 So.2d 779, 784. Had the letter actually asked the court to do anything, perhaps we could construe the letter as some type of motion, but the letter doesn’t do this. Therefore, we do not have to address this possibility now.
I further disagree that Mr. Thibaut’s letter can in any way be construed as an acknowledgment or waiver. Clark, 00-3010 at pp. 20-21, 785 So.2d at 792, instructs us that “[i]n determining whether a waiver of the right to assert abandonment occurred, the jurisprudence has recognized the appropriateness of considering the *1175 qualitative effect of the defendant’s conduct.” In Clark, the supreme court held that an unconditional tender | ¡.constituted a waiver because the qualitative effect was to protect the defendant’s interest in the avoidance of penalties and attorney fees. Here, I see no qualitative benefit for Thi-baut Oil in its informal correspondence.
Additionally, in Satterthwaite v. Byais, 05-0010, p. 4 (La.App. 1 Cir. 7/26/06), 943 So.2d 390, 393 (Hughes, J., concurring), this court observed that, “This waiver exception to Article 561, however, has been applied only where, after the abandonment period has accrued, a defendant has taken steps that facilitated the judicial resolution of the dispute on the merits and were an expression of the defendant’s willingness or consent to achieve judicial resolution of the dispute.” (Emphasis in original.) An informal request for discovery responses and a statement that it is premature to fix a matter for trial do not facilitate judicial resolution of the matter. Note Clark’s assertion that, “Logic dictates that the same standard for determining if action of the defendant results in waiver and thereby an interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed.” Clark, 00-3010 at p. 15, 785 So.2d at 789.
Since these latter two holdings are unnecessary, and in my opinion, incorrect, I suggest that these two discussions be disregarded. The decision is fully supported on the basis that the fax filing was a step in the prosecution.