GUIDRY, Justice,
dissents and assigns reasons.
liFor the following reasons, I conclude the majority erred in reversing the lower courts to find the suit filed by the Louisiana Department of Transportation and Development (“DOTD”) was not abandoned under La.Code Civ. Proc. art. 561.
The rules governing abandonment of an action are set forth in La.Code Civ. Proc. Art. 561, which provides, in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, ...
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Unlike the majority, I find no merit in DOTD’s assertion that the efforts of Oil *987 field Heavy Haulers, L.L.C. (“OHH”) to schedule a discovery conference constituted a “step” in defense of its action sufficient to interrupt the tolling of the three-year abandonment period under La. Code Civ. Proc. art. 561. Although the scheduling of a discovery conference was required under Rule 10.1 of the Louisiana District Court Rules, the informal correspondence constituted an extrajudicial effort not considered sufficient to interrupt the abandonment delay. Clark v. State Farm Mut. Auto. Ins. Co., 00-3070, p. 16 (La.5/15/01), 785 So.2d 779, 790.
DOTD’s remaining claim was pretermit-ted by the majority’s determination that OHH’s efforts to schedule a discovery conference sufficiently interrupted the tolling of the three-year abandonment delay. DOTD urges, in the alternative, that its action was not abandoned because its discovery responses sent to OHH constituted a “step” sufficient to avert abandonment of the action. I also find this argument to be without merit.
La.Code Civ. Proc. art. 561 provides that formal discovery sufficient to constitute a “step” sufficient to preclude abandonment must be “served on all parties.” (emphasis added). It is undisputed that DOTD’s discovery responses were not served on all parties. DOTD asserts its actions stemmed from an “inadvertent failure.” However, it is important to note that the mere intention to take a “step” as contemplated under the statutory rule without having actually complied with the rules is insufficient to interrupt the abandonment period. Benjamin-Jenkins v. Lawson, 2000-0958, p. 4 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 895, writ denied, 2001-1546 (La.9/14/01), 796 So.2d 681. In other words, DOTD simply failed to satisfy the explicit requirements of La.Code Civ. Proc. art. 561 to preclude abandonment.
I concede dismissal of a lawsuit is a harsh remedy. However, in the instant case, DOTD made virtually no effort after it filed suit in 2006 to pursue its action. Nothing it did complied with La.Code Civ. art. 561 to prevent abandonment. When DOTD failed to timely respond to OHH’s discovery requests in April 2007, OHH sent a letter seeking compliance and the scheduling of a discovery conference. The following month, DOTD served its responses on OHH, but neglected to serve the remaining parties. Thereafter, no action was taken in the case until April 2010, one |smonth short of three years, when DOTD sought to propound discovery to the defendants.
Abandonment balances the laudable goal of ensuring every litigant has his or her day in court with the policy that lawsuits, once filed, should be prosecuted without unreasonable delay. Clark, 00-3070, p. 10; 785 So.2d at 787.
Accordingly, I respectfully dissent and would affirm the ruling of the court of appeal.