GENOVESE, J.,
dissents and assigns the following reasons.
ltIn this boundary action, the majority affirms the trial court’s judgment finding Plaintiffs’ lawsuit to have been abandoned. I disagree.
The facts in this case are not in dispute; hence, this is not a true manifest error case. In my view, this case presents a question of law.
Abandonment is not favored, and the abandonment statute, La.Code Civ. P. art. 561, must be liberally construed in favor of maintaining the action. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779. This case has a peculiar history and set of facts. Not only does this case involve a deceased judge whose subsequent and official replacement was not named until after the abandonment period had run, but Plaintiffs also have in place a definitive judgment as to liability.
As in most tort actions, there are two parts to this civil boundary action: liability and damages. It is undisputed, and the record clearly reflects, that this appellate court ruled in favor of the Plaintiffs, as to Defendant’s liability for inverse condemna *965 tion and remanded the case to the trial court for a determination of damages.
This presents the legal query: “Can a lawsuit be deemed completely abandoned when there is in place a final and definitive judgment on the issue of | ¡.liability?” I think not. But assuming, arguendo, that the lawsuit is legally abandoned, then what is the legal effect of the definitive judgment as to liability? Is. it not a judicial mortgage? And, taking it a step further, does the majority opinion negate, perempt, or overrule this appellate court’s decision establishing liability in favor of the Plaintiffs,, the effect of which is to have Plaintiffs with an actionable judgment as to liability, but no legal remedy as to damages?
In my view, the majority opinion in this case effectuates an indeterminate disposition of the matter. Liability is definitively established, but Plaintiffs have no legal remedy to pursue damages.
This case presents exceptional circumstances. Because our law demands a liberal construction in favor of maintaining an action, I would reverse the trial court judgment of abandonment and maintain the action.