STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-337


ALBERT LUQUETTE, JR., ET AL.

VERSUS

SAMSON CONTOUR ENERGY E&P, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 92595, DIVISION "B"
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

AFFIRMED.


**Gerald Charles deLaunay**
**P. O. Box 52597**
**Lafayette, LA 70505-2594**
**Telephone: (337) 237-8500**
**COUNSEL FOR:**
    **Plaintiffs/Appellants – Albert Luquette, Jr., Joetta Weaver, Donna Faul,**
    **and Shannon Luquette**

**Stanwood R. Duval, Jr.**
**Duval, Funderburk, Sundbery, Richard & Watkins**
**P. O. Box 3017**
**Houma, LA 70361**
**Telephone: (985) 876-6410**
**COUNSEL FOR:**
    **Defendant/Appellee – Baby Oil, Inc.**

**Adam B. Zuckerman**
**Matthew C. Juneau**
**Baker Donelson Bearman Caldwell & Berkowitz, PC**
**201 St. Charles Avenue – Suite 3600**
**New Orleans, LA 70170**
**Telephone:  (504) 566-5200**
**COUNSEL FOR:**
   **Defendant/Appellee – Samson Contour Energy E&P, LLC**

**Jacques P. Soileau**
**Soileau Law Offices**
**P. O. Box 344**
**Breaux Bridge, LA 70514-0344**
**Telephone:  (337) 332-4561**
**COUNSEL FOR:**
   **Plaintiffs/Appellants - Albert Luquette, Jr., Joetta Weaver, Donna Faul,**
   **and Shannon Luquette**

**THIBODEAUX, Chief Judge.**

Plaintiffs, Albert Luquette, Jr.; Joetta Weaver; Donna Faul; and Shannon Luquette (hereinafter referred to as "Plaintiffs"), appeal the October 15, 2018 judgment in favor of Defendants, Samson Contour Energy E&P, LLC (SCE) and Baby Oil, Inc. (Baby Oil) (hereinafter referred to as "Defendants"). Plaintiffs seek review and reversal of the trial court's judgment of dismissal in favor of Defendants on grounds of abandonment. For the following reasons, we affirm the trial court's dismissal and find that the underlying case was abandoned effective as of August 2, 2015.

I.

**ISSUES**

We must decide:

(1) whether the trial court manifestly erred in granting Defendants' motion to dismiss based on abandonment;

(2) whether Plaintiffs submitted sufficient evidence at the trial court level for this court to find that Defendants' alleged post-abandonment acknowledgement served as a waiver of their right to claim abandonment; and

(3) whether a post-abandonment supplemental and amended petition filed by Plaintiffs constitutes a step in the prosecution to prevent a judgment of dismissal.

II.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed suit on July 16, 2010, alleging that Defendants contaminated their property with oilfield waste in the course of conducting oil and

gas exploration and production activities. On October 4, 2010, Defendants asserted exceptions of nonconformity with La.R.S. 30:29 (Act 312), nonconformity with La.Code Civ.P. art. 891, vagueness and ambiguity, and want of amicable demand. On April 11, 2011, the matter was stayed "until thirty days after Plaintiffs file into the record and serve on all counsel copies of the return receipts of their notices to the Department of Natural Resources, commissioner of conservation, and the Attorney General of the filing of this action." On May 26, 2011, Plaintiffs filed the return receipts into the record; consequently, the stay would have been lifted on or about June 26, 2011.

After the stay was lifted, no steps were taken in the prosecution or defense by any party for a period of over three years dating from August 1, 2012, the date that Defendants served Plaintiffs with their First Set of Interrogatories and Request for Production of Documents, through and including August 1, 2015.

On September 16, 2015, a bankruptcy proceeding was filed on behalf of SCE's affiliate, Samson Resources Corporation, which resulted in a stay of the initial matter. On January 26, 2018, Plaintiffs filed a first supplemental and amended petition. In response, SCE filed exceptions of vagueness, ambiguity, prematurity, and want of amicable demand which were adopted by Baby Oil. In a separate pleading, SCE filed an Ex Parte Motion to Dismiss for Abandonment, including the claims asserted in the First Supplemental and Amending Petition for Damages. In compliance with La.Code Civ.P. art. 561, SCE submitted an affidavit of its counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three-year abandonment period.

At a hearing held on October 15, 2018, Baby Oil joined in SCE's motion to dismiss, and the trial court granted Defendants' Motion to Dismiss for

Abandonment. The trial court found that the abandonment of the action was effective as of August 2, 2015. On July 12, 2019, after an order from this court, the trial court amended its judgment to provide decretal language dismissing Plaintiffs' claims.

On appeal, Plaintiffs urge this court to find that the trial court erred in determining that this suit was abandoned in light of the alleged acknowledgment by Defendants, and further erred in dismissing the claims in the amended pleadings that had only arisen within a year of that pleading's filing.

III.

**STANDARD OF REVIEW**

"On appeal, the trial court's determination of whether a 'step' in the prosecution of an action has been taken is a finding of fact which is subject to the manifest error standard of review. *Lyons v. Dohman*, 07-53 (La.App. 3 Cir. 5/30/07), 958 So.2d 771." *Roy v. Belt*, 13-1116, p. 4 (La.App. 3 Cir. 10/8/14), 149 So.3d 957, 961, *writ denied*, 14-2363 (La. 2/6/15), 158 So.3d 819.

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two-tiered test must be applied in order to reverse the findings of the trial court. *Mart v. Hill*, 505 So.2d 1120 (La.1987). The appellate court must find from the record (1) that a reasonable factual basis does not exist for the finding of the trial court and (2) that the record establishes that the finding is clearly wrong (manifestly erroneous). *Id*.

3

IV.

**LAW AND DISCUSSION**

**Abandonment:**

Under La.Code Civ.P. art. 561(A)(1), an action is abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." "A party takes a 'step' in the prosecution or defense of a suit when he takes formal action, before the court, intended to hasten the matter to judgment." *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). Formal discovery "served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." La.Code Civ.P. art. 561(B). Abandonment operates without a formal order, "but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." La.Code Civ.P. art. 561(A)(3).

In *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, the supreme court held that La.Code Civ.P. art. 561 imposes three requirements on plaintiffs: (1) a party must take a step in the prosecution or defense of the litigation; (2) the step must be taken in the litigation and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party. A step in the prosecution or defense "is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice." *Id*. at 784.

4

As mentioned above, on March 26, 2018, Defendants filed an ex parte motion and attached an affidavit of its counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three-year abandonment period. Plaintiffs did not present any evidence to the trial court of any step in the prosecution or defense of this action between August 1, 2012, and August 1, 2015, a period in excess of three years. Furthermore, Plaintiffs do not dispute this inaction on appeal. Nonetheless, Plaintiffs seek to reverse the trial court's dismissal of their claim.

**Exceptions to Abandonment:**

On appeal, Plaintiffs contend that SCE has continually recognized them in the ongoing bankruptcy action. According to Plaintiffs, this served as an acknowledgment by Defendants, which prohibits Defendants from asserting abandonment.

In *Clark*, the supreme court stated two jurisprudential exceptions to the abandonment rule. The first exception is a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control. The second exception is a defense-oriented exception, based on acknowledgment, that applies when the defendant waives a right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Additionally, the supreme court recognized:

> The timing of a defendant's conduct cannot logically be construed as altering its character insofar as whether it is sufficient to constitute a waiver of the right to plead abandonment. Logic dictates that the same standard for determining if action of the defendant results in waiver and thereby an interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed.

5

*Clark*, 785 So.2d at 789.

Plaintiffs rely heavily on *Stanley v. St. Charles Gaming Co., Inc.*, 08-221 (La.App. 3 Cir. 12/10/08) (unpublished opinion). *Stanley* concluded that the defendant's payment of medical bills constituted an acknowledgment that resulted in the defendant's waiver of the right to assert abandonment. This court found that the defendant's actions were inconsistent with intent to treat the case as abandoned. In *Stanley*, the plaintiff presented an abundance of evidence to support her argument, such as records of numerous payments made by the defendant. This evidence presented by the plaintiff ultimately led to the finding that the defendant waived its right to assert abandonment.

*Stanley* is, however, distinguishable. Defendants in this case did not make any type of payment to Plaintiffs that would serve as an acknowledgment. Moreover, Plaintiffs fail to submit evidence of any affirmative acknowledgment by SCE of a debt owed, such as an actual statement naming Plaintiffs as creditors. Rather, Plaintiffs only mention the bankruptcy proceeding filed by SCE. In *Lyons v. Dohman*, 07-53 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, this court found that the burden was on the plaintiff to prove, by extrinsic evidence, a permissible cause outside the record that prevented accrual of the three-year abandonment period. Based on these findings, Plaintiffs failed to carry their burden of proof.

Although the bankruptcy notice was filed into the record, the notice does not contain any specific language naming Plaintiffs as creditors in the suit. Additionally, at the preliminary hearing, Plaintiffs alleged that Defendants "continually recognized" them in the bankruptcy proceeding, but failed to offer evidence in support of their allegations. Instead, Plaintiffs simply stated that the bankruptcy proceeding may be found by conducting a Google search. We cannot

6

take judicial notice of a Google search. Consequently, we find that Plaintiffs failed to provide extrinsic evidence to support their contention that Defendants waived their right to assert abandonment. Therefore, we find that the trial court was not manifestly erroneous in its judgment of dismissal based on abandonment.

**Plaintiffs' First Supplemental and Amended Petition:**

Plaintiffs allege that the trial court erred in dismissing claims added by the supplemental and amended petition. Plaintiffs argue that the added claims arose within a year of the supplemental petition and cannot be summarily dismissed on the grounds of abandonment. However, the substantive averments of Plaintiffs' amended petition are not before this court on appeal. Rather, we must address whether Plaintiffs' filing of the supplemental demand on January 26, 2018, was a step in the prosecution of the suit in order to prevent dismissal.

In *Lyons*, 958 So.2d at 771, this court found that a step taken by a plaintiff after the three-year period had elapsed was ineffective to prevent a judgment of dismissal from being granted. In this case, Plaintiffs filed their supplemental petition more than twenty-nine months after August 2, 2015, the date which abandonment of the action was effective. It is well settled that once abandonment has occurred, action by the plaintiff cannot talismanically breathe new life into the suit. *Clark*, 785 So.2d at 779. Accordingly, we find that Plaintiffs' post-abandonment supplemental and amended petition cannot resurrect a lawsuit that, by operation of law, has already been abandoned.

V.

## **CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to Plaintiffs, Albert Luquette, Jr., et al.

**AFFIRMED.**