| PAUL L. SYLVESTER | * | NO. 2024-C-0310 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| MICHAEL D. SANTONE, OCHSNER FOUNDATION HOSPITAL, ABC COMPANY, AND XYZ INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**JOHNSON, J., DISSENTS WITH REASONS**

I respectfully dissent from the writ disposition of the majority, granting the Relators' writ application, reversing the district court's May 14, 2024 judgment, and dismissing the Respondent's medical malpractice lawsuit with prejudice.

The issue in the instant matter is whether the June 21, 2022 e-mail sent on the Respondent's behalf by his former counsel constituted a step in prosecution, which is a question of fact that is reviewed under the manifest error standard. *Sutton v. Adams*, 19-0394, p. 3 (La. App. 4 Cir. 5/29/19), 273 So.3d 1276, 1278. The hearing transcript reflects that the district court carefully weighed whether the e-mail at issue was an answer to the Relators' December 16, 2019 discovery requests, and thus, a step under La. Code Civ. Proc. art. 561(B). Or, whether the e-mail was a part of settlement negotiations, and therefore, not a step. Under the facts presented, the e-mail could have reasonably served either purpose or *both*, as the subject line of the e-mail only referenced the underlying district court case number. The district court found the arguments of both parties plausible before ultimately ruling in the Respondent's favor. The record evidences that this finding was not manifestly erroneous.

Furthermore, I disagree with the majority's decision to consider and reverse the district court's judgment based on the Relators' argument—that the

1

Respondent's June 21, 2022 e-mail could not constitute formal discovery because the attorney that sent the email was not the Respondent's counsel of record at the time. The Relators raised this argument for the first time before this Court. The Relators did not brief and orally present this argument to the district court at the April 24, 2024 hearing. This Court does not review issues that have not been first submitted to the trial court pursuant to Uniform Rules—Courts of Appeal, Rule 1–3. The majority's reliance upon an argument the district court was unable to consider to reverse the district court's judgment on a discovery issue is inconsistent with the Louisiana Supreme Court's recognition that Louisiana "jurisprudence has uniformly held that La. C. Civ. Pro. art. 561 is to be liberally construed *in favor of maintaining a plaintiff's suit*." *Clark v. State Farm Mut. Auto. Ins. Co.,* 00-3010, p. 8 (La. 5/15/01), 785 So.2d 779, 785 (emphasis added).

Accordingly, for the foregoing reasons, I would deny the Relators' writ application, finding that the May 14, 2024 district court judgment— granting the Respondent's Motion to Set Aside Judgment of Dismissal for abandonment—is not manifestly erroneous.