GUIDRY, J.
*992 Plaintiffs/Appellants, Joe Bridges III, Jordan M. Bridges, and Branden J. Herring, appeal from a February 22, 2017 judgment denying their motion to set aside/vacate the trial court's order dismissing plaintiffs' petition for damages and from the trial court's March 17, 2017 order denying their motion for new trial. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 20, 2012, plaintiffs filed a petition for damages arising out of a July 30, 2011 arrest. Plaintiffs' petition names as defendants: the Baton Rouge Police Department; the City of Baton Rouge; Donald Dewayne White, in his official capacity as Chief of Police of the Baton Rouge Police Department; Kenneth Clark, individually and in his official capacity as an officer for the Baton Rouge Police Department; Steven Woodring, individually and in his official capacity as an officer for the Baton Rouge Police Department; and Dustin Johnson, individually and in his official capacity as an officer for the Baton Rouge Police Department. James L. Hilburn, Senior Special Assistant Parish Attorney, subsequently filed an answer on behalf of the City of Baton Rouge, Chief White, Clark, Woodring, and Johnson.
Thereafter, on May 14, 2014, Tedrick K. Knightshead, Special Assistant Parish Attorney, filed a motion to enroll as counsel of record, asking the court to remove Hilburn, since he was no longer an employee of the parish attorney's office. The trial court signed an order on May 21, 2014, removing Hilburn as counsel of record for defendants and entering Knightshead as counsel of record.
On July 19, 2016, A. Gregory Rome, Special Assistant Parish Attorney, filed on behalf of the named defendants an ex parte motion to dismiss plaintiffs' petition on grounds of abandonment, asserting that more than three years had elapsed since either party had taken an action toward the defense or prosecution of the matter. In connection with their motion, defendants submitted a three-year certificate from the Nineteenth Judicial District Clerk of Court, certifying that no pleadings had been filed by either party since the May 14, 2014 motion to enroll. In the accompanying memorandum, defendants asserted that the last action taken by either party was defendants' written discovery propounded on plaintiffs on October 2, 2012, to which plaintiffs had not responded. Defendants attached to the memorandum an affidavit from Rome stating that he personally examined the suit record and defendants' file and that no action toward either the defense or prosecution of the matter had been taken by either party nor had there been any formal discovery by any party for a period in excess of three years. The trial court subsequently signed an order on July 27, 2016, dismissing the plaintiffs' petition with prejudice, at plaintiffs' cost, pursuant to La. C.C.P. art. 561.
Thereafter, on August 22, 2016, plaintiffs filed a motion to set aside/vacate the order dismissing plaintiffs' petition for damages (motion to set aside), asserting that on March 18, 2014, they submitted formal discovery *993 to defendants, namely interrogatories and requests for production of documents. Plaintiffs asserted that discovery is a step in the prosecution, and therefore, plaintiffs did not fail to take a step in the prosecution for an uninterrupted period of three years and abandonment is inappropriate. Plaintiffs attached as exhibits to their motion: a cover letter from the office of plaintiffs' counsel, Clarence Roby, Jr., addressed to defendants' counsel, Hilburn, and dated March 18, 2014; interrogatories and requests for production directed to defendants Johnson and Woodring; and a certificate of service signed by Roby stating that the interrogatories and requests for production were mailed to counsel for all parties on March 18, 2014. Defendants did not file a response or opposition to plaintiffs' motion.
The trial court held a hearing on plaintiffs' motion on February 6, 2017. At the hearing, defendants presented argument opposing plaintiffs' motion and introduced documentary evidence and the testimony of two witnesses. At the conclusion of the hearing, the trial court denied plaintiffs motion to set aside, finding that plaintiffs had failed to present any evidence, either by way of affidavit or witness testimony, authenticating that the March 18, 2014 discovery was sent to the plaintiffs. The trial court subsequently signed a judgment on February 22, 2017, denying plaintiffs' motion and dismissing plaintiffs' petition for damages as abandoned.
On March 15, 2017, plaintiffs filed a motion for new trial and/or reconsideration, asserting that a new trial should be granted based on peremptory and discretionary grounds. The trial court signed an order denying plaintiffs' motion on March 17, 2017.
Plaintiffs now appeal from the trial court's February 22, 2017 judgment and March 17, 2017 order.
DISCUSSION
Motion to Set Aside
On appeal, plaintiffs first contend that the trial court erred in denying their motion to set aside, when plaintiffs presented evidence that discovery requests were served on counsel for defendants.
Louisiana Code of Civil Procedure article 561 provides, in pertinent part:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
* * *
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
* * *
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
As such, La. C.C.P. art. 561 sets forth three requirements for avoiding dismissal of an action by the trial court on the ground of abandonment: (1) that a party take some "step" in the prosecution or defense of an action; (2) that the step be taken in the proceeding and, with the exception *994 of formal discovery, appears in the record of the suit; and (3) that the step be taken within three years of the last step taken by either party. Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784. A "step" in the prosecution or defense is defined as taking formal action before the court, which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. Clark, 00-3010 at p. 6, 785 So.2d at 784. Pursuant to La. C.C.P. art. 561(B), "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record... shall be deemed to be a step in the prosecution or defense of an action."
Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to the manifest error standard of review. Brown v. Kidney and Hypertension Associates. L.L.P., 08-0919, p. 7 (La. App. 1st Cir. 1/12/09), 5 So.3d 258, 264.
As previously noted, the trial court signed an ex parte order of dismissal on the basis of defense counsel's affidavit pursuant to La. C.C.P. art. 561(A)(3). The plaintiffs responded by filing a motion to set aside pursuant to La. C.C.P. art. 561(A)(4). As such, the burden was on plaintiffs to prove, by extrinsic evidence, a permissible cause outside of the record that prevented the accrual of the three-year abandonment period. That is to say, plaintiffs were required to present evidence for the record sufficient to set aside the trial court's prior dismissal. Lyons v. Dohman, 07-0053, p. 5 (La. App. 3rd Cir. 5/30/07), 958 So.2d 771, 774.
In filing their motion to set aside, plaintiffs attached as exhibits to their motion: a cover letter from the office of plaintiffs' counsel, Roby, addressed to defendants' counsel, Hilburn, and dated March 18, 2014; interrogatories and requests for production directed to defendants Johnson and Woodring; and a certificate of service signed by Roby stating that the interrogatories and requests for production were mailed to counsel for all parties on March 18, 2014. The trial court considered these exhibits at the hearing on the motion.[1] However, plaintiffs presented no other evidence authenticating the certificate of service or otherwise supporting that the discovery was "served" on all defendants. The Louisiana Supreme Court has held that a photocopy of a certificate of service attached to a discovery request that is not properly authenticated or supported by testimony is not adequate proof that service of discovery was made on all parties for purposes of interrupting abandonment under La. C.C.P. art. 561. Dunn v. City of Kenner, 09-1108 (La. 9/18/09), 17 So.3d 400 ; see also Lewis v. Digital Cable and Communications North, 15-345, p. 9 (La. App. 5th Cir. 11/19/15), 179 So.3d 840, 845.
Plaintiffs assert on appeal that the testimony of Stephanie Bridges, co-counsel for plaintiffs, established that discovery was served on defendants prior to expiration of the three-year abandonment period. Bridges' testimony was offered at the hearing by defendants. Defense counsel asked Bridges if Roby sent any of the March 18, 2014 discovery documents to him prior to Roby filing the motion to set *995 aside. Bridges responded by stating "I know he sent it to Mr. James Hilburn." Bridges' testimony, while offered by defendants, was uncontroverted.
Dismissal of a lawsuit is the harshest of remedies, and the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Brown, 08-0919 at p. 8, 5 So.3d at 265. Furthermore, the supreme court has long recognized that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. See Clark, 00-3010 at p. 8, 785 So.2d at 785. With these guiding principles in mind, we find that given the uncontroverted testimony of plaintiffs' co-counsel, Bridges, that the discovery was sent to then-counsel for defendants, the trial court manifestly erred in finding that plaintiffs failed to present supporting testimony that the discovery was sent to defendants. See Dunn, 17 So.3d at 400.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. All costs of this appeal in the amount of $927.00 are assessed to defendant/appellee, the City of Baton Rouge.
REVERSED AND REMANDED.
Crain, J. dissents and assigns reasons.
CRAIN, J., dissents.
I believe the trial court erred in considering attachments to pleadings not properly offered and introduced into evidence, and those attachments should not be considered on appeal. See Bank v. Rayford, 17-1244 (La. App. 1 Cir. 3/29/18), 247 So. 3d 733, ---- (2018 WL 1559815). Without any evidence proving a permissible cause outside the record prevented accrual of the abandonment period, plaintiffs failed to carry their burden of proof. Even if evidence presented by the defendants in opposition to plaintiffs' motion is properly considered, I find no manifest error in determining a conclusory statement in an affidavit that affiant knows discovery was sent is insufficient proof that discovery was served so as to prevent abandonment. See La. Code Civ. Pro. art. 561 ; Dunn v. City of Kenner, 09-1108 (La. 9/18/09), 17 So.3d 400 ; Hardy v. A. Wilbert's Sons, L.L.C., 06-1093 (La. App. 1 Cir. 9/19/07), 970 So. 2d 1063, 1066 n.2. I would affirm the trial court's judgment.

There is no evidence in the record that these exhibits were formally offered and admitted into evidence by plaintiffs at the hearing on the motion to set aside. However, the trial court noted during the hearing that it was "going to accept [plaintiffs'] motion and attachments for purposes of determining [the motion to set aside]" and that it "attempted to assist plaintiff[s] by accepting into evidence the exhibits to their motion to set aside."