STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0850

JESSIE GILBERT, ET AL

VERSUS

METROPOLITAN LIFE INSURANCE COMPANY, ET AL

*DATE OF JUDGMENT:*    FEB 2 2 2021

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
NUMBER 27393, DIVISION C, PARISH OF WEST BATON ROUGE
STATE OF LOUISIANA

HONORABLE DONALD FENDLASON, JUDGE AD HOC

* * * * * *

Timothy W. Porter
Ridgeland, Mississippi

Counsel for Plaintiff-Appellant
Johnny A. Marchand

Margaret M. Joffe
Douglas R. Elliott
Jamie H. Baglio
Shelley L. Thompson
Etienne F. René
New Orleans, Louisiana

Counsel for Defendant-Appellee
ANCO Insulations, Inc.

Gregory M. Anding
Gayla M. Moncla
Jay M. Jalenak, Jr.
Karli G. Johnson
Allison N. Benoit
Alexandra E. Rossi
Adrienne M. Wood
Baton Rouge, Louisiana

Counsel for Defendants-Appellees
BASF Corporation, Formosa Plastics
Corporation, Louisiana, Pala, LLC, and
Shell Oil Company

Janice M. Culotta
Georgia N. Ainsworth
New Orleans, Louisiana

Charles B. Wilmore
Elizabeth S. Wheeler
Erin C. Percy
New Orleans, Louisiana

Paul M. Adkins
Baton Rouge, LA.


David M. Bienvenu, Jr.
John Allain Viator
Lexi T. Holinga
Melissa Jade Shaffer
Thomas C. Naquin
Samantha M. Kennedy
Baton Rouge, Louisiana

Dwight C. Paulsen, III
David E. Redmann, Jr.
L. David Adams
New Orleans, Louisiana

Kenan S. Rand, Jr.
Scott H. Mason
Lauren B. Dietzen
Meredith R. Durham
New Orleans, Louisiana

Susan B. Kohn
Douglas R. Kinler
James R. Guidry
April A. McQuillar
Louis O. Oubre
New Orleans, Louisiana


McGready L. Richeson
Ernest George Foundas
Milele St. Julien
David M. Stein
Francis X. deBlanc, III
Kathleen E. Jordan
New Orleans, Louisiana

Counsel for Defendants-Appellees
The Dow Chemical Company




Counsel for Defendant-Appellee
Exxon Mobile Corporation







Counsel for Defendant-Appellee
Hexion, Inc.



Counsel for Defendant-Appellee
Lamons Gasket Company




Counsel for Defendant-Appellee
The McCarty Corporation





Counsel for Defendant-Appellee
Union Carbide Corporation

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**Disposition: AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

2

**CHUTZ, J.**

Plaintiff-appellant, Johnny A. Marchand, appeals the trial court's judgment, which granted a motion to dismiss his claims as abandoned, filed by defendant-appellee, Hexion Inc. (Hexion), and dismissed his claims for damages against defendants, including Hexion, arising out of his alleged exposure to asbestos.[1] We affirm in part, reverse in part, and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

It is undisputed that this multi-party litigation commenced in 1996 when numerous plaintiffs, including Marchand, filed a petition for damages for injuries sustained as a result of asbestos exposure, which named numerous defendants. When the petition was filed, all plaintiffs, including Marchand, were represented by F. Gerald Maples, P.A. (Maples, P.A.). Sometime between July and August 1996, the law firm of LeBlanc, Maples & Waddell began representing all plaintiffs.[2] All subsequent pleadings and actions filed on behalf of all plaintiffs were by LeBlanc, Maples & Waddell through and including a 14th supplement and amendment to the original petition, which was filed in February 2003.

---

[1] The dismissed defendants in addition to Hexion are Lamons Gasket Co.; The Dow Chemical Co.; BASF Corp.; Formosa Plastics Corp., Louisiana; Exxon Mobil Corp.; Owens-Illinois Inc. d/b/a O-I; Pala, LLC; Shell Oil Co.; Allied Chemical Corp.; Anco Insulations, Inc; A.W. Chesterton Co.; Certain-Teed Corp.; Controlled Maintenance, LLC; Emerson Electric Co. and its subsidiaries Crosby Valves and Fisher Valves; Entergy and its subsidiary Big Cajun Power; Entergy, Louisiana; Freeport Chemical Co.; Georgia-Pacific Chemicals, LLC; Gulf States Utilities Co.; Hullinghorst Group, Inc.; Texaco Chemical; IMO Industries, Inc; Ingersoll-Rand Co.; The McCarty Corp.; Seville, Inc; Roland M. Toups, Thomas H. Turner, Joseph W. Guitreau, Suzanne W. Turner, Mary M. Svendson, Robert L. Turner, John G. Turner, and James P. Sylvester, named in the Amended Petition as alleged Executive Officers of Turner Industries Group, LLC; Asten-Johnson, Inc.; Asbestos Corp., Ltd.; Benjamin Foster, a division of AmChem Products, Inc.; Bituminous Fire & Marine Insurance Co.; Travelers Indemnity Co.; Liberty Mutual Insurance Co.; B&B Engineering; Crown, Cork & Seal Co., Inc.; D.B. Riley; Ferro Corp.; Goulds Pumps, LLC; IMO Industries; Uniroyal, Inc.; Union Carbide Corp..; and Zurn Industries, LLC. (collectively defendants). We note that of these named defendants, the following filed briefs in this appeal: Anco Insulations, Inc.; BASF Corp., Formosa Plastics Corp., Louisiana, Pala, LLC, and Shell Oil Co. (one brief); The Dow Chemical Co.; Exxon Mobile Corp.; Lamons Gasket Co.; The McCarty Corp.; and Union Carbide Corp.

[2] The record does not contain any motions for either Maples, P.A. to withdraw or LeBlanc, Maples & Waddell to enroll as attorneys of record for the plaintiffs. On July 31, 1996, Maples, P.A., filed a joint motion to dismiss on behalf of "plaintiffs." On August 30, 1996, the law firm of LeBlanc, Maples & Waddell filed an opposition to exceptions on behalf of "[p]laintiffs."

On May 5, 2003, a pleading filed by Maples, P.A., entitled "MOTION TO ENROLL AND SUBSTITUTE," which was expressly applicable to Marchand only, stated that "[p]ursuant to plaintiff selection letter, these plaintiffs [sic] have chosen [Maples, P.A.] as their attorney." The motion additionally set forth that "[t]hese plaintiffs [sic] should not be severed from this lawsuit." The judgment, signed by the trial court on May 20, 2003, ordered that, relative to Marchand only, Maples, P.A. "be and the same is hereby enrolled as counsel of record in these proceedings."

On July 11, 2003, specifically identified attorneys of the law firm of LeBlanc & Waddell filed an ex parte motion and incorporated memorandum to withdraw from representation of Marchand and sever his claims from those of the other plaintiffs that they represented. Attached to the motion was a designation-of-counsel form executed by Marchand on July 30, 2002, in which he selected Maples, P.A. as his legal counsel in the asbestos litigation. In addition to providing Marchand's address and an affirmative statement indicating that "[n]o trial date [had] been set ... and no scheduling order [was] in effect" on the date of the motion, as well as averring compliance with local rules and the rules of professional conduct, the motion to withdraw and sever certified that a copy of the motion had been forwarded to Marchand and all counsel of record.

On July 21, 2003, the trial court ordered that the identified counsel of the law firm of LeBlanc & Waddell "[are] withdrawn as counsel of record on behalf of [Marchand] and [Marchand's] claim is hereby severed from the existing lawsuit." Notice that "an Order to Withdraw and Sever" had been signed on July 21, 2003, was sent to "ALL KNOWN COUNSEL OF RECORD" by the clerk of court on August 8, 2003.

The next activity on behalf of Marchand was by Maples, P.A. on June 23, 2008, when it filed a motion to dismiss with prejudice Marchand's claims against defendant, Taylor Seindenbach, Inc., which the trial court granted in an order signed on August 6, 2008.[3] Thereafter, the record contains no activity on behalf of Marchand until January 25, 2016, when the trial court signed a dismissal of Marchand's claims against defendant, Crown, Cork & Seal Co., Inc. without prejudice, pursuant to a motion filed by Maples, P.A. on January 14, 2016. The record also contains an interim scheduling order signed by the trial court on February 9, 2018 addressing Marchand's claims, followed by a motion to stay, filed by Maples, P.A. on behalf of Marchand on March 26, 2018. On April 13, 2018, Marchand file an amended petition for damages in which he iterated allegations of liability against the executive officers of employers for whom he had worked; operators of industrial facilities at which he averred he had worked; and asbestos miners, manufacturers, sellers, suppliers, and distributors.

On September 10, 2018, defendant, Lamons Gasket Co. (Lamons), filed an answer to Marchand's April 13, 2018 amended petition in which it generally denied liability, raised defenses, and asserted various exceptions. Defendant, A.W. Chesterton Co. (A.W. Chesterton), likewise filed an answer and raised defenses on September 14, 2018 to Marchand's amended petition. And defendant, Owens-

_____

[3] An order of dismissal of defendant Union Carbide Corp., without prejudice, signed by the trial court on September 7, 2007, was filed into the record on behalf of Marchand by attorneys of LeBlanc & Waddell, who had withdrawn from their representation of him on July 21, 2003. The record does not include a subsequent order rejoining Marchand's action with those from which he had obtained the order of severance and, on appeal, Marchand does not assert that the act of representation after the severance order demonstrated his intent to reestablish legal representation by the attorneys of LeBlanc & Waddell. In this appeal, Marchand does not complain that this isolated representation by attorneys of LeBlanc & Waddell had any effect on the propriety of the severance order, and, therefore, we do not consider the issue.

Illinois, Inc., d/b/a O-I (Owens-Illinois), filed its answer to Marchand's amended petition on October 8, 2018, asserting affirmative defenses.[4]

Hexion filed a motion to dismiss on February 14, 2019, averring that Marchand's claims were abandoned due to a period of inactivity of over three years.[5] A hearing was held on March 7, 2019 on Hexion's motion to dismiss.[6] After argument, the trial court concluded that Marchand's action was abandoned and dismissed his lawsuit. A judgment was subsequently signed, and this appeal by Marchand followed.[7]

## ABANDONMENT

An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. Article 561A(1). Any formal discovery as authorized by the Code of Civil Procedure and served on all parties whether or not filed of record, including the

---

[4] The title to Owens-Illinois' pleading included "ANSWER TO PLAINTIFFS' ORIGINAL PETITION FOR DAMAGES." But a close scrutiny of the pleading shows that it is responsive to Marchand's April 13, 2018 amended petition, answering the allegations set forth in the amended petition paragraph-by-paragraph and specifically denying liability to Marchand in various paragraphs throughout.

[5] Pleading in the alternative, Hexion answered Marchand's April 13, 2018 amended petition, asserting various defenses and raising exceptions. In so doing, Hexion expressly conditioned its answer, affirmative defenses, and exceptions as having been pled solely in the event that the court did not grant its motion to dismiss.

[6] Although during the hearing the trial court noted that six defendants represented that they had joined in the motion, the appealed judgment identified nine defendants, The Dow Chemical Co.; Formosa Plastics Corp., Louisiana; Owens-Illinois; Shell Oil Co.; Lamons; BASF Corp.; Exxon Mobil Corp.; Pala, LLC; and The McCarty Corp., as having filed motions to dismiss Marchand's claims on the basis of abandonment. Our review of the evidence confirms that the nine defendants identified in the judgment filed motions to join and/or adopt and that, in addition, Anco Insulations, Inc. filed a motion to join in the motion to dismiss filed by Hexion.

[7] The trial court initially signed a judgment on March 21, 2019, which it certified as final. The judgment noted that a hearing had been held "on the motions of several defendants" and that the "claims of [Marchand] ha[d] been abandoned by operation of law and [were] therefore **DISMISSED**." On September 20, 2019, this court issued a show cause order pointing out that the March 21, 2019 judgment, which involved multiple parties, failed to include decretal language identifying in whose favor the ruling was ordered, the party against whom the ruling was ordered, and the relief that was granted or denied. Thus, the appeal was dismissed. See *Gilbert v. Metropolitan Life Ins. Co.*, 2019-1240 (La. App. 1st Cir. 11/26/19) (unpublished action). Subsequently, the trial court signed a judgment on January 23, 2020, curing the defects, which it certified as final. See n.1, infra.

taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. La. C.C.P. art. 561B.

To avoid a dismissal on the basis of abandonment of the action, three requirements are imposed on a plaintiff. First, the plaintiff must take a "step" towards prosecution of his lawsuit. A "step" is defined as taking formal action before the court that is intended to hasten the lawsuit toward judgment. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the three-year period prescribed by Article 561. *Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010 (La. 5/15/01), 785 So.2d 779, 784.

The underlying policy of the abandonment article seeks to prevent protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from allowing them to linger indefinitely. *McNealy v. Englade*, 2019-0573 (La. App. 1st Cir. 2/21/20), 298 So.3d 182, 186. When the parties take no steps in the prosecution or defense of their claims during the period set forth in Article 561, the logical inference is that the party intends to abandon the claim and the law gives effect to this inference. *Clark*, 785 So.2d at 786-87.

Because dismissal is the harshest of punishments, the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Thus, if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. *McNealy*, 298 So.3d at 186.

Under Article 561, abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party and is

effective without court order. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. *McNealy*, 298 So.3d at 186.

Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. *Pendarvis v. Jarreau*, 2017-0360 (La. App. 1st Cir. 12/18/17), 234 So.3d 148, 151, writ denied, 2018-0103 (La. 3/2/18), 269 So.3d 712.

On appeal, Marchand contends that because he did not request the severance or de-cumulation of his claims against defendants, the activity undertaken by the other plaintiffs in the lawsuit are steps taken on his behalf. Since the record is replete with activity to hasten other plaintiffs' claims to judgment between July 2003, when the severance order was signed by the trial court, and February 2019, when Hexion filed the motion to dismiss his claims as abandoned, Marchand contends the trial court erred in failing to impute that activity to his claim thereby precluding its dismissal on the basis of abandonment.

Hexion concedes that a step by any party in a multi-party lawsuit generally has the effect of moving the lawsuit toward judgment as to all parties. And the jurisprudence conforms to this concession. See *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 2011-0912 (La. 12/6/11), 79 So.3d 978, 981, citing *Delta Dev. Co., Inc. v. Jurgens*, 456 So.2d 145, 146 (La. 1984)). But as Hexion correctly points out, none of the cases in which a step in one party's action has been held to interrupt the accrual of the abandonment period of another party's action includes an order by the trial court severing one action from the other.

8

In response, Marchand contends that the severance order was improperly granted and, therefore, he should benefit from the activities taken by other plaintiffs during the fifteen years since the trial court severed his action from the remainder of the lawsuit. We disagree.

Preliminarily, we note that although Maples, P.A. had enrolled as counsel of record on behalf of Marchand by an order signed on May 20, 2003, the individual attorneys with the law firm LeBlanc & Waddell had not yet withdrawn from Marchand's representation when they obtained the July 21, 2003 order to sever. Therefore, despite his complaints to the contrary, the record establishes that the severance was technically granted at Marchand's request. Additionally, although notice of the order of severance was served on Maples, P.A. on August 8, 2003, Marchand did not challenge its propriety at the time of its rendition.[8]

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. La. C.C.P. art. 461. When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper. La. C.C.P. art. 465. Whether to grant a motion to sever is directed to the trial court's sound discretion. See *Benton v. Clay*, 48,245 (La. App. 2d Cir. 8/7/13), 123 So.3d 212, 228.

Here, on Marchand's motion, his action was severed from those of the remaining plaintiffs in July 2003, when he designated Maples, P.A. as his attorney and no longer desired representation by individual attorneys in the law firm of

---

[8] As a judgment that did not determine the merits of the claim, but the preliminary matter of severance of Marchand's individual action within the course of this multi-party asbestos lawsuit, the July 21, 2003 order was clearly interlocutory for which an application for supervisory writs may have been requested. See La. C.C.P. arts. 1841 & 2201. See also La. U.R.C.A. Rules 4-1 through 4-9 (setting forth the procedure for an application for supervisory writs).

LeBlanc & Waddell. Under the provisions of Article 465, a trial court has discretion to order the separate trial of cumulated actions at any time prior to trial, even if the cumulation is otherwise proper. Accordingly, we cannot say the trial court abused its discretion in granting the severance order.[9]

Our review shows that the next activity taken on the record by Maples, P.A. on behalf of Marchand after the July 21, 2003 severance order was a motion to dismiss his claims against defendant, Taylor Seindenbach, Inc., with prejudice, filed on June 23, 2008. It was not until January 14, 2016 that any additional activity by Marchand occurred on the record when Maples, P.A. filed a motion to voluntarily dismiss his claims against Crown, Cork & Seal Co., Inc. without prejudice.

At the hearing on the motion to dismiss his claims as abandoned, Marchand pointed to discovery he propounded to defendants subsequent to the July 21, 2003 severance order as demonstrations of his intent to maintain his action. Admitted into evidence were copies of the following discovery: requests for admissions from unidentified plaintiffs sent by Maples, P.A., which was served on all counsel of record on February 25, 2005; interrogatories and a request for production of documents from an unidentified plaintiff sent by Maples, P.A., which was addressed to defendant, Reilly-Benton Co., Inc., and served on all counsel of record on February 22, 2008; interrogatories and a request for production of documents from unidentified plaintiffs sent by Maples, P.A. to Reilly-Benton Co.,

---

[9] Marchand suggests that severance of his action was not appropriate because his case remained under the same docket number and utilized the same caption as it had before the severance. However, he has cited, and we have found, no law requiring the transfer or reallotment of a severed action to another division by the trial court. See La. C.C.P. art. 253.2 ("After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial."). The purpose of a severance is to allow separate trials to accommodate the goals of justice and judicial efficiency. See Frank L. Mariast, *La. Civil Law Treatise*, Civil Procedure § 10:8 (2d ed.). Marchand has offered nothing to support findings that the goals of justice and efficiency were not accomplished by the July 21, 2003 severance order.

10

Inc. and McCarty Corp., served on "Defendants" on February 22, 2011; and interrogatories from specified plaintiffs, including Marchand, addressed to all defendants, which were served on all counsel of record on May 23, 2012.

The trial court concluded the last day that Marchand established that he had undertaken any action in the prosecution of his action was May 23, 2012. Pretermitting the issue of whether all of the discovery that Marchand offered into evidence was sufficiently served on all defendants so as to constitute a step in the prosecution of his claim under La. C.C.P. art. 561B, we conclude that this factual finding by the trial court is not manifestly erroneous.

Simply stated, the record is devoid of any activity on behalf of Marchand after May 23, 2012 until he filed the motion to voluntarily dismiss Crown, Cork & Seal, Inc. on January 14, 2016; ostensibly obtained an interim scheduling order signed by the trial court on February 9, 2018; filed the motion to stay the scheduling order on March 26, 2018; and asserted the amended petition on April 13, 2018. But Marchand's post-abandonment actions -- those which occurred after May 23, 2015 -- could not revive his action. See *Brown v. Kidney and Hypertension Associates, L.L.P.*, 2008-0919 (La. App. 1st Cir. 1/12/09), 5 So.3d 258, 265. Thus, the trial court correctly concluded that his claims against defendants were abandoned.

There are two jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on contra non valentum, that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives its right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. *Burgess, Inc. v. Par. of St.*

11

*Tammany*, 2017-0153 (La. App. 1st Cir. 10/25/17), 233 So.3d 58, 63, writ denied, 2017-2179 (La. 2/23/18), 237 So.3d 515.

With regard to the defense-oriented exception, the conduct or actions of a defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew. *Burgess, Inc.*, 233 So.3d at 63. Therefore, unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant's post-abandonment actions can serve to waive its right to plead abandonment. That a defendant's conduct occurred before the abandonment period elapsed as opposed to after is thus a distinction without a difference. *Clark*, 785 So.2d at 789.

Although Marchand's claims against Hexion have been abandoned, we nevertheless review the record to determine whether any of the named defendants engaged in post-abandonment actions that are sufficient to waive their right to plead abandonment. The action of filing an answer is inconsistent with the intent to treat Marchand's claims as abandoned. See *Porter v. Progressive Specialty Ins. Co.*, 99-2542 (La. App. 1st Cir. 11/8/00), 771 So.2d 293, 295.

On September 10, 2018, Lamons filed an answer to Marchand's April 13, 2018 amended petition. By filing its answer prior to joining in Hexion's motion to dismiss, Lamons waived its right to assert abandonment. Similarly, the record shows that on September 14, 2018, A.W. Chesterton answered Marchand's lawsuit and on October 8, 2018, Owens-Illinois filed its answer. Both of these responsive pleadings appear in the record prior to February 14, 2019, when Hexion filed the motion to dismiss Marchand's claims as abandoned. Having answered the amended pleading after the accrual of three years from Marchand's last step on

12

May 23, 2012, these defendants waived their respective right to assert abandonment. Accordingly, the trial court erred in dismissing Marchand's action against those three defendants.[10]

## DECREE

For these reasons, the trial court's judgment is affirmed except as to Marchand's claims against defendants Lamons, A.W. Chesterton Co., and Owens-Illinois, whose dismissals are reversed. This matter is remanded to the trial court for further proceedings. Appeal costs are assessed one-half against plaintiff-appellant, Johnny Marchand, and one-half against defendants-appellees, Lamons Gasket Co., A.W. Chesterton Co., and Owens-Illinois Inc. d/b/a O-I.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

---

[10] Careful scrutiny of the appealed judgment shows that Crown, Cork & Seal Co., Inc. was among the defendants dismissed from this litigation on the basis that Marchand's action had been abandoned, although it had already been dismissed by Marchand without prejudice on January 25, 2016, and was not named as a defendant in his April 13, 2018 petition. The record also shows that Seville, Inc. had been voluntarily dismissed from Marchand's action on October 11, 2018, prior to its second dismissal in the appealed judgment. Also among the dismissed defendants in the appealed judgment were Honeywell International, Inc., as successor to Allied Chemical Corp., and Emerson Electric Co., who had each already been voluntarily dismissed from Marchand's action by judgments signed on November 15, 2018. And IMO Industries, Inc. had been dismissed from Marchand's action without prejudice on March 7, 2019, as a result of the trial court's having sustained an exception of insufficiency of service of process. On appeal, Marchand does not complain about the dismissal of any individual defendants, instead challenging the propriety of the collective dismissal of all the named defendants. Additionally, although the record shows ten of the named defendants filed motions to join and/or adopt Hexion's motion to dismiss Marchand's claims as abandoned, see n.6, supra, the record contains no written motions to join and/or adopt by the other defendants named in the judgment. An application to the court for an order, if not presented in some other pleading, shall be by motion which, unless made during trial or hearing or in open court, shall be in writing. La. C.C.P. art. 961. The record does not establish that any of the defendants, other than Hexion and the nine we already identified, were present at the hearing on the motion to dismiss so as to have orally moved to join Hexion's motion. In appealing, Marchand designated portions of the record for our review. While an appellant may designate the portions of the record that he desires to constitute the record on appeal pursuant to La. C.C.P. art. 2128, any inadequacy is imputed to the appellant. A reviewing court must presume that the trial court's judgment is correct when a designated record does not enable an adequate review of the matter at issue. *Rover Grp., Inc. v. Clark,* 2018-1576 (La. App. 1st Cir. 12/12/19), 291 So.3d 699, 707, writ denied sub nom., *Royer Grp., Inc. v. Clark,* 2020-00101 (La. 3/9/20), 294 So.3d 481. Therefore, any shortcomings in the judgment based on the lack of a full and complete record are imputable to appellant and not before us in this appeal.